FIRST NATIONAL BANK OF BILLINGS, appellant, *v.* CUSTER
COUNTY, respondent.

PLEADING. — *A complaint in an action against a county for witness fees and
mileage held defective.* — The plaintiff brought an action against the defendant,
a county, upon a claim assigned to it for witness fees alleged to be due one
S., who had testified in a criminal case, in which the prisoner had been ac-
quitted, tried in another county on a change of venue from the defendant
county. The complaint contained no allegations that the judge of the court
had certified to the claim, or that an execution for costs had been issued and
returned unsatisfied against the defendant in the criminal case. *Held*, that
under section 410, division 3, Compiled Statutes of Montana, the complaint
should have contained an allegation that the amount of such costs had been
certified to by the judge, or an averment of a good and sufficient reason why
this was not done. *Held, also*, that under said section it was necessary for
the said complaint to set out as a fact that the costs could not be collected
from the defendant in the criminal case, and that an execution therefor had
been returned unsatisfied.

ID. — The said complaint also failed to show whether the defendant in the
criminal case had been indicted for a misdemeanor or a felony. *Held*, that
under sections 153 and 413, division 3, Compiled Statutes of Montana, if the
said defendant had been indicted for a misdemeanor upon the prosecution of
some individual not an officer, it was proper for the verdict of the jury and
the judgment to have shown whether the prosecutor or the county should
pay the costs, and that the complaint was defective in not setting forth that
the crime for which the defendant in said criminal case had been tried was
not a misdemeanor.

ID. — The complaint did not show that the witness S. had ever made out
an itemized bill of his fees. *Held*, that such an itemization is required by
section 423, division 3, Compiled Statutes of Montana.

ID. — The complaint also failed to allege that the claim had been presented
under oath to the county, in separate items, with the nature of each item
stated. *Held*, that under section 762, division 5, Compiled Statutes of Mon-
tana, such an allegation was essential.

JURISDICTION. — The court used the following language: "It will be seen
from section 764, division 5, Compiled Statutes of Montana, that the plain-
tiff could have appealed directly to the district court from the county board
in disallowing the claim; but we do not decide that he may not bring his
action at law notwithstanding this statutory right of appeal."

*Appeal from District Court, Custer County.*

ANDREW F. BURLEIGH, for the appellant.

The court erred in sustaining the demurrer to the
complaint. It was urged by defendant that Sheldon had

no claim against Custer County, because the judge who tried the case had not certified under his hand, authenticated by the seal of the court, the amount of the costs, pursuant to section 410, page 479, Compiled Statutes of Montana. The district attorney approved the same, but not the judge. No better illustration of what to the appellant seems the unreasonable construction thus sought to be given to the statute can be found than the actual facts in this case. The judge before whom Sullivan was tried was during the term of court, December 3, 1885, suspended by the President, and was not thereafter restored to the bench. The court takes judicial notice of the fact. Not having certified these costs before, he could not do it after. Appellant's view of this statute is that the provision is precautionary, intended as an aid to the commissioners in auditing the costs, — nothing more.

STREVELL & GARLOCK, for the respondent.

Appellant refers to section 410, page 479. This section has long been a stumbling-block. As it now reads, it compels the defendant to pay the costs, whether acquitted or convicted. But if any one will refer to the Codified Statutes of 1871–72, at page 251, the same section will be found, and it will be observed that in the second line, before the word "executions," the conjunction "and" is used. But somewhere in the transmigration of this section from the earlier statutes to its present *status* the conjunction has been dropped, and the definite article "the" substituted in its place. Reading it as originally adopted, the true intention of the law-making power becomes apparent. Several fatal defects appear upon the face of plaintiff's complaint. It nowhere appears whether the alleged crime, in connection with which these witness fees are alleged to have been incurred, was a felony or a misdemeanor. If it was a felony, then section 409, page 340, would be applicable.

If, on the other hand, it was a misdemeanor, or a trespass not amounting to a felony, then by section 153 of the Criminal Practice Act, page 308, the name of a prosecutor must have been indorsed upon the indictment, or it must have been prosecuted upon information of a public officer in the discharge of his duty. If the prosecution was by a prosecutor, then by section 412, page 341, the jury must return with their verdict whether the prosecutor or the county shall pay the costs, and the court must render judgment accordingly. As to what the judgment was, or the crime, or the finding of the jury on the matter of costs, the complaint is wholly silent. By section 422, page 342, " witnesses in criminal cases shall make out a bill under oath of the fees to which they are entitled in each case, and file the same with the clerk of the district court, and the county shall pay such clerk for the services." There is no pretense in the complaint that any such thing was done. It is simply alleged that the witness made an affidavit of attendance and mileage; before whom or where it is not stated. There was no certificate of the judge who tried the cause, nor any reason why such certificate is not presented; no authentication by the court's seal; no pretense that even the " approval " was by the district attorney who prosecuted the accused. The defendant, like all similar bodies, has only limited powers, and must act strictly within the scope of its authority. When a criminal cause has gone to a foreign county for determination, section 409 provides how such expense shall be returned to the original county, and under what conditions it shall be paid. The statute defining the duty of defendant in allowing claims is at page 482, section 357. Section 422, *supra*, as to witnesses, is in entire accord with this. The complaint alleges: " Plaintiff presented said claim to the board of commissioners, . . . . duly verified." Was there a bill made out under oath? Was

the nature of the items—how much for mileage, and how much for *per diem*—shown by the bill? The statute cannot mean anything less than that these allegations are essential.

McCONNELL, C. J. This is an action brought to recover $117.80, witness fees, claimed by one Joseph Sheldon, for attendance as a witness for the defendant in the case of *Territory of Montana* against *Maurice Sullivan*, tried in the county of Yellowstone on change of venue from the county of Custer, on the 25th of November, 1885. Plaintiff claims to be the owner of said account by purchase from Sheldon. There was a demurrer to the complaint, which was sustained, and the plaintiff chose to abide its amended complaint, and not to further amend. The case is here upon the judgment roll. It is averred in the demurrer that said complaint does not state facts sufficient to constitute a cause of action. The following extracts from the complaint are sufficient to present the questions for our determination, to wit: "3. That at a regular term of the district court in and for said county of Yellowstone, holden on the twenty-third day of November, 1885, a criminal action was then and there pending in said court, wherein the territory of Montana was plaintiff and Maurice Sullivan defendant; that said action had been removed to said county of Yellowstone for trial on a change of venue from the county of Custer; 4. That one Joseph Sheldon was a material witness for the defendant in the trial of said cause; that a subpœna was duly issued and served upon said Joseph Sheldon, requiring him to attend said court as a witness; that he obeyed said subpœna, and did attend said court to testify in said action at the instance of said defendant therein at the time and place named in said subpœna; 5. That the defendant, Maurice Sullivan, was tried and acquitted of the offense charged

in said indictment, on the twenty-fifth day of November, 1885; 6. That on the twenty-seventh day of November, A. D. 1885, said witness, Joseph Sheldon, made the nececessary affidavit, as required by law, of his said attendance and mileage, which amounted to the sum of $117.80; that said account was thereafter approved by the district attorney of said judicial district, but was not certified by the acting judge of said district, nor by any other judge since that date; 7. That on or about the twenty-ninth day of November, 1885, said Joseph Sheldon assigned and transferred said claim for attendance and mileage to plaintiff, for a valuable consideration, and that plaintiff now owns the same; 8. That on the ninth day of December, 1885, the plaintiff presented his said claim to the board of commissioners of Custer County, at a regular meeting of said board, duly verified for allowance, but they failed and refused to allow the same, or any part thereof." This complaint is fatally defective in several particulars.

1. Section 410, page 479, Compiled Statutes, provides: "In case the defendant shall be acquitted, or in case he shall be convicted, the executions shall issue against him for the costs, and shall be returned unsatisfied, in whole or in part; the costs remaining unpaid shall be paid by the county in which the offense was committed; and in case the conviction or acquittal shall be in a county other than that in which the offense was committed, it shall be the duty of the judge before whom the trial was had, and the district attorney prosecuting such defendant, to certify under their hand, authenticated by the seal of the court, the amount of such costs; and it shall be the duty of the board of county commissioners of the county in which such offense was committed to audit and allow the amount of such costs, and issue an order therefor upon the county treasurer of such county." It will be seen that the complaint simply alleges in sub-

stance that the witness, Joseph Sheldon, was a material witness for the defendant in the trial of said cause, and that a subpœna was duly issued and served upon him to attend court as a witness, and that he obeyed said subpœna, and did attend said court, and testified in said action, at the instance of said defendant, at the time and place named in the subpœna; that the defendant in that action was Sullivan, and that he was acquitted of the offense charged in the indictment; that said witness, Sheldon, made the necessary affidavit, as required by law, of his attendance and mileage, which amounted to the sum sued for; that the account was approved by the district attorney, but was not certified to by the acting judge of the district, nor by any other judge since that date; and that said witness, Sheldon, assigned and transferred the claim for his attendance and mileage for a valuable consideration, and that the plaintiff now owns it. It appears from the complaint that the offense was committed in Custer County, but by change of venue was tried in Yellowstone County. In cases of this kind, the statute provides that it shall be the duty of the judge before whom the trial was had, and the district attorney prosecuting such defendant, to certify under their hand, authenticated by the seal of the court, the amount of such costs. The complaint alleges that the claim was certified by the district attorney, but not by the acting judge of said district. In this, then, it fails to aver that the claim was authenticated as required by the statute. In such cases the claim must be authenticated according to the requirements of the statute, or a good and sufficient reason given why it was not done. It is insisted on the part of the appellant that the presiding judge upon said trial was removed or suspended by the President from the discharge of his functions as such judge, and that this is the reason why he did not certify the claim. If this is true, it would be a good reason

why such certificate was not given, and should have been averred in the complaint. We hold that all such claims must be authenticated as prescribed by the statute, or some good reason given why it was not done, before the board of county commissioners of the county where the offense was committed can allow such claim. The statute already quoted provides that executions shall first issue against the defendant for the costs, and shall be returned unsatisfied, in whole or in part, before the county is bound to pay such costs. They are first a debt against the defendant, and the county is only liable upon condition that they cannot be collected from the defendant on the running of an execution, and the return of the same unsatisfied, in whole or in part, as the evidence upon which the liability of the county attaches, and the complaint should have set out this fact.

2. Section 153 of the Criminal Practice Act provides that " no indictment for any trespass against the person or property of another, not amounting to a felony, or for the first offense of petit larceny, shall be preferred unless the name of the prosecutor is indorsed thereon, except when the same is preferred upon the information or knowledge of two or more grand jurors, or on the information of some public officer in the necessary discharge of his duty, in which case a statement of the fact shall be made at the end of the indictment, and signed by the foreman of the grand jury." Section 413 of the Criminal Practice Act provides that " if upon the trial of an indictment whereon the name of the prosecutor is indorsed as such, according to law, the jury shall acquit the defendant, they shall determine and return, together with their verdict, whether the prosecutor or the county shall pay the costs, and the court shall render judgment accordingly." The complaint does not show for what offense Sullivan was indicted, whether it was a felony or misdemeanor. If it was a misdemeanor

of the description given in section 153, *supra,* not pre-
ferred upon the information or knowledge of two or
more of the grand jurors, or on the information of
some public officer in the necessary discharge of his
duty, but by a prosecutor, then it would have been the
duty, upon the trial of such indictment, for the jury
to have returned with their verdict of acquittal, whether
the prosecutor or the county shall pay the costs, and the
court should have rendered judgment accordingly.    It
is silent upon this whole subject, and as to what the
judgment of the court was.    In this event the prose-
cutor might have become primarily liable for the costs.
Hence it will appear upon the foregoing statutes that
before the county was bound to pay the fees of this wit-
ness the property of the defendant himself must first
be exhausted; and in the event it was a misdemeanor
brought upon the prosecution of some one, it was proper
for the jury to say whether the prosecutor should not
pay the costs in preference to the county.    The plaintiff
seems to have treated the claim as one of primary lia-
bility against the county, presented it not authenticated
according to law, and upon the refusal of the commis-
sioners to allow it, brought his action in the district
court.

3. Section 423 of the Criminal Practice Act provides
that "witnesses in criminal cases shall make out a bill,
under oath, of the fees to which they are entitled in each
case, and file the same with the clerk of the district court."
Under this section, it was the duty of the witness to make
out a bill of his fees, itemizing it, specifying what part was
for mileage, and what part for attendance, the number of
miles traveled, and the number of days he was in attend-
ance, so as to make out an itemized bill of costs.    It does
not appear from the complaint that this was done.

4. Section 762 of the General Laws provides that "no

account shall be allowed by the board of county commissioners unless the same be made out in separate items, and the nature of each item stated, nor unless the same be verified by affidavit, showing that said account is just and wholly unpaid. . . . . But nothing in this section shall prevent such board from disallowing any account, in whole or in part, when so rendered." It will be seen from this provision that it is the duty of the board of county commissioners not to allow any account unless it is made out in separate items, and the nature of each item stated. All these essential prerequisites to the payment of a claim of this sort by the commissioners must be averred in the complaint, and proven, in order to warrant a judgment against the board of county commissioners for the same.

5. Section 764 of the General Laws provides that "whenever a claim of any person against a county shall be disallowed, in whole or in part, or when any taxpayer of the county shall feel aggrieved by any allowance made by the board as excessive, unjust to the county, or illegal, such person may appeal from the decision of such board to the district court of said county, by causing a written notice of appeal to be served upon the clerk of such board within thirty days after the making of such decision or allowance, and executing a bond to such county, with surety to be approved by the clerk of such board, conditioned to prosecute such appeal to effect, and to pay all costs that shall be adjudged against the appellant." It will be seen from this statute that the plaintiff could have appealed directly to the district court from the county board in disallowing his claim; but we do not decide that he may not bring his action at law, notwithstanding this statutory right of appeal.

For the foregoing reasons, we hold that the complaint

was fatally defective, and affirm the action of the court below in sustaining the demurrer, with the costs of this appeal.

*Judgment affirmed.*

GALBRAITH, J., and McLEARY, J., concur.