· OLIVE BIRON *vs.* BOARD OF WATER COMMISSIONERS OF ST. PAUL.

October 29, 1889.

Pleading—Performance of Statutory Conditions Precedent to Action.
    Under a statute prescribing specified conditions to be performed before a right of action shall accrue, a complaint is insufficient which merely alleges that the plaintiff has performed all of the acts by the statute required. The facts showing compliance with the law should be set forth.

Same—Distinctness of Allegation Required.— The rule that the facts constituting a cause of action should be distinctly stated, and not left to be inferred, applied.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill,* J., presiding, sustaining a demurrer to the complaint, in which the plaintiff asked judgment for $40,000.

*J. B. Brisbin,* for appellant.

*Simeon P. Folsom* and *Hermon W. Phillips,* for respondent.

DICKINSON, J. The order sustaining the demurrer to the complaint should be affirmed. The action is for the recovery of damages for the drawing of water from Lake Vadnais by means of an arti-

ficial aqueduct, diminishing the flow of water in the creek which is the outlet of that lake. The complaint, with the stipulation made upon the submission of the demurrer, discloses that the liability of this board of water commissioners, in its organized capacity, to an action, is regulated by the provisions of Sp. Laws 1885, c. 110, to which reference is made in the complaint. Section 35 of that act prescribes, in effect, among other things, that no action shall be maintained against this board for any cause until the subject thereof, with the evidence in its support, shall have been first presented to the board for investigation and approval, which must be done within 60 days after the cause of action shall have accrued. The plaintiff assumes to have shown compliance with the conditions prescribed in this section by the allegation in the complaint "that all of the acts and things required to be done by the plaintiff by section 35 of the said act of incorporation have been done by her," etc. This is not sufficient as an averment that she has done what is specified in the law. The statute which expressly authorizes the pleading in this manner of the performance of conditions precedent in a *contract* (Gen. St. 1878, c. 66, § 109) has no application, and the complaint should set forth a statement of the *facts* showing a compliance on her part with the conditions precedent prescribed in the statute. *Johnson* v. *Howard*, 20 Minn. 322, (370;) *People* v. *Jackson*, 24 Cal. 630; Bliss, Code Pl. §§ 301, 302; and see *Home Ins. Co.* v. *Duke*, 43 Ind. 418.

The appellant suggests the question whether this special statute of limitation is not unconstitutional, but presents no brief upon the point. The court, when its decision is invoked upon questions involving doubt or requiring careful examination, is entitled to the aid which may be afforded by the learning and research of counsel in the cause. This question of constitutional law, if presented at all, is of sufficient importance to require of counsel more than the bare suggestion of the point. As no brief or argument is presented upon the subject, we do not deem it our duty to treat it as a question properly presented in the case, and we do not decide it. It may be added that this question does not seem to have been considered or decided by the court below.

The further reasons stated by the court below justified its order. It does not appear by averment that Lake Vadnais is a natural body of water, nor that its outlet, Gervais creek, is a natural water-course. This is only to be inferred from the names by which these bodies of water are designated in the complaint. It may be added that only by the aid of inference and argument does it appear that the plaintiff's mill was situated on or near Gervais creek, or that it was operated by the water of that creek, or by water flowing from Lake Vadnais. While one might readily infer what was intended to be alleged as the cause of action, the facts are not stated.

Order affirmed.