FLYNN, APPELLANT, *v.* BEAVERHEAD COUNTY, RESPONDENT.

(No. 3,839.)

(Submitted December 6, 1917. Decided December 28, 1917.)

[170 Pac. 13.]

*Counties—Roads—Condemnation Proceedings—Compensation— Limitations of Actions—Statutes—Contracts.*

Counties —Roads —Condemnation   Proceedings —Compensation —Limitations of Actions.
1. *Held,* that the subject matter of an action against a county by which it was sought to obtain compensation for land taken for road purposes under an agreement the consideration for which failed was

not a "claim" against the county, within the meaning of either section 2945, Revised Codes, an action on which is barred if not brought within one year after its accrual, or section 6450a, which requires action within six months after rejection thereof.

Same—Roads—Petition—Offer and Acceptance—Contract.

2. The petition for the establishment of a county road signed by plaintiff, and his agreement in writing specifying the terms and conditions upon which he would grant a right of way over his land, were one instrument and constituted his offer, which, when accepted by the county, completed the agreement.

Contracts—Offer and Acceptance.

3. To complete a contract, the offer must be accepted in the same terms in which made.

*Appeal from District Court, Beaverhead County; Wm. A. Clark, Judge.*

ACTION by Thomas Flynn against the county of Beaverhead. Judgment of nonsuit in favor of defendant, and plaintiff appeals. Reversed and remanded.

*Messrs. Norris, Hurd & Collins,* for Appellant, submitted a brief; *Mr. Geo. E. Hurd* argued the cause orally.

It was argued by respondent in the lower court that appellant consented to the taking of his land by the county for road purposes and may not now be heard to complain. It is true that appellant did consent, under conditions, to donating his land as a part of a right of way to be occupied by the road as petitioned for, but he did not consent to donating his land to be used as a part of the highway as finally laid out by the board. The board was given jurisdiction to open the road up Blacktail Deer Creek by the petition, and the board was limited to the route described in the petition except as to unimportant deviations. (Elliott on Roads and Streets, 2d ed., sec. 382; *Crowley* v. *Board of Commrs.*, 14 Mont. 292, 36 Pac. 313; *Packard* v. *Androscoggin County Commrs.*, 80 Me. 43, 12 Atl. 788.) Appellant did not give his consent to the route as finally opened, and no agreement on his part to donate his land for the last-mentioned purpose was made by him. In the case of *Pagel* v. *Fergus County Commrs.*, 17 Mont. 586, 44 Pac. 86, this court held that consent of a land owner to open a private road across

his land did not give the board jurisdiction to lay a public road over his property. Logically, that rule is applicable here, in that the agreement of appellant to donate his land for a certain road may not be construed as a consent to make that donation to a road substantially different as to route, *etc.* The same rule is stated by the supreme court of California in the case of *Graham* v. *Bailard,* 157 Cal. 96, 106 Pac. 215. If the lower court based its ruling on the motion of respondent for a nonsuit, upon the ground that the cause of action of appellant is barred by reason of his consent that the county might use his land for road purposes, then we submit that this ruling is contrary to the doctrine above stated and constitutes error.

*Mr. J. B. Poindexter,* Attorney General, *Mr. Roy S. Stephenson* and *Mr. Harold Pease,* for Respondent, submitted a brief; *Mr. Frank Woody,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Plaintiff appeals from a judgment rendered against him after the court had granted defendant's motion for a nonsuit.

The facts out of which this controversy arises are stated at length in *Flynn* v. *Beaverhead County,* 49 Mont. 347, 141 Pac. 673. In that case we held that ejectment was not a remedy available to plaintiff under the circumstances, but, concluding the opinion, we remarked: "It is not meant by anything here said that the plaintiff is wholly without remedy. He may not thus be deprived of his land without full compensation for it. Upon the plainest principles of justice, the board of commissioners should ascertain the amount to which he is entitled and pay him. In the absence of favorable action on its part, he may maintain his action for it as he at first attempted to do."

Plaintiff then commenced this action to recover compensation [1] for the land taken by the county. Among other defenses interposed, the county pleaded the bar of certain statutes of

limitations,. *viz.:* Sections 2945 and 6450a, Revised Codes. These sections provide:

"Sec. 2945. No account must be allowed by the board unless the same is made out in separate items, the nature of each item stated, and be verified by affidavit, showing that the account is just and wholly unpaid; and if it is for official services for which no specified fees are fixed by law, the time actually and necessarily devoted to such service must be stated. Every claim against the county must be presented within a year after the last item accrued.

"Sec. 6450a. * * * 2. Actions for claims against a county, which have been rejected by the county commissioners, must be commenced within six months after the first rejection thereof by such board."

It will be observed that these sections have to do with claims or accounts against a county, the general nature or character of which is indicated in section 2945. That the subject matter of this litigation is not such as to give.rise to a claim within the meaning of that section is apparent.

At the time the proceedings were taken to establish the road in question, sections 1390–1410, Revised Codes, were in force, were controlling and were exclusive. They gave full recognition to the provisions of section 14, Article III, of the Constitution, that private property shall not be taken for public use without just compensation, and were designed to furnish ample means by which a county could procure a necessary right of way for public road purposes. (a) A land owner might consent in writing to give the right of way over his premises (sec. 1395), and upon the execution and delivery of a proper conveyance, title passed to the county (sec. 1406). (b) He might decline to present the land to the county and claim damages by way of compensation (sec. 1395), in which event, upon the return of the viewers' report, the commissioners were required to give notice, conduct a hearing and ascertain and declare the amount of damages awarded (sec. 1397). If the award was accepted and the proper conveyance made, the county was free to declare

the road a public highway so far as that land owner was concerned (sec. 1398). (c) If the award was not accepted within thirty days it was deemed rejected, and the county was remitted to its remedy by condemnation proceedings (sec. 1400). A rather wide discretion was lodged in the board. It was not essential that the compensation to a nonconsenting land owner be paid in money. The consideration for the right of way over his premises might consist of advantages to accrue to him from the opening of the new road over a particular route (sec. 1399).

As already observed, these provisions were exclusive. They furnished adequate means, and the only means, by which the county could procure a right of way for public road purposes in proceedings taken under the general highway statutes above. In contemplation of law the nonconsenting land owner received compensation for his land prior to or at the time he relinquished it to the county. There could not arise any possible circumstances under which he could have a claim against the county for his compensation, within the meaning of section 2945. In proceedings to establish a new road, the county was the moving party from the time a sufficient petition was presented. The Constitution and statutes imposed upon it the duty to pay or provide just compensation for the necessary right of way.

It is plaintiff's contention that he did not consent to give the right of way for the road in question, but that he demanded compensation which he deemed adequate. He reduced his offer to writing and submitted it to the board with the petition bearing his signature. The writing has been lost, but according to plaintiff's testimony, the consideration for his granting the right of way over his land was that the road be established in its entirety over the route described in the petition and that the county fence on both sides of the right of way across his place. He insists that his offer was accepted by the board, the road ordered established and opened, that it was actually opened across his land and the right of way fenced by the county, but that the county then refused to open it over the remaining portion of the route described in the petition, thereby defeating

the principal object which plaintiff and the other petitioners had in view in seeking to have the new road established; that the road petitioned for would have furnished a direct route to the county seat over a water grade, avoiding the longer distance and difficult grades of the old road; that the road in the condition in which it was left is longer and less advantageous even than the old road, and furnishes no compensation whatever to plaintiff for the right of way across his land. Plaintiff insists also that the fence furnished by the county is inferior in grade to the fence described by him in his offer to the county. According to plaintiff's theory, the county failed and now refuses to make the compensation agreed upon and upon the faith of which agreement he let the county into possession of the right of way over his premises. This does not give rise to a claim within the meaning of section 2945, but for the breach of the agreement plaintiff may maintain his action for damages in the way of compensation.

The legislature never contemplated that the county would enter into a solemn compact and then deliberately violate it, and therefore made no provision for a case of this character. It is *sui generis;* but the county has the use and occupation of the right of way over plaintiff's land and will not be heard to say that through its breach of faith it has placed the plaintiff in a position where he is remediless. The Constitution guarantees to him full compensation for the property taken, and the language of this court quoted from the former opinion above, is sufficiently explicit to indicate that the remedy he is pursuing is available.

Section 2894 refers to an outright purchase of property for county purposes, but it has no application to the acquisition of a right of way under the general highway law.

The testimony introduced by plaintiff establishes a *prima facie* case, and it is evident that the nonsuit was granted upon the theory that plaintiff's cause of action is barred by the provisions of sections 2945 and 6450a; but, as neither section is applicable, the ruling was erroneous.

According to plaintiff's theory, the road petition when signed [2] by him and his writing specifying the terms and conditions upon which he would grant the right of way are to be treated as one instrument and, so far as he is concerned, as constituting the offer on his part, which, when accepted by the county, completed the agreement. If the testimony is true, the theory is correct and granting the petition, with these conditions [3] annexed, amounted to an acceptance of the conditions. It is elementary that one party cannot accept an offer in different terms from those made and thereby complete a contract. The county either accepted plaintiff's offer or it did not, and its acts in opening the road over his land and fencing the right of way are very persuasive evidence of the correctness of plaintiff's position. If his testimony as to the terms and conditions upon which he granted the right of way is true, he is entitled to prevail in this action. The cause should have been submitted to the jury for a determination of the merits.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, did not hear the argument and takes no part in the foregoing decision.

Rehearing denied January 23, 1918.