(April 5, 1924.)

## DRAINAGE DISTRICT No. 2 OF THE COUNTY OF ADA, Plaintiff and Cross-appellant, v. ADA COUNTY, Defendant and Appellant.

[226 Pac. 290.]

CLAIM AGAINST COUNTY — PRESENTATION TO COMMISSIONERS — ALLEGATION OF — STATUTORY CONSTRUCTION—EXPRESSED INTENT—DRAINAGE DISTRICT ASSESSMENT — COLLECTION BY COUNTY OFFICERS — COLLECTION FEE — SERVICES BY COUNTY OFFICERS — FEES FOR — COUNTY FUNDS—DRAINAGE DISTRICT FUNDS—DEPOSIT IN BANKS—INTEREST.

1. If an action is based on a claim against a county within the meaning of C. S., sec. 3506, the complaint must allege ultimate facts showing a compliance with the statutory requirement of presentation to the board of county commissioners.

2. In such case the allegation that a demand has been made as required by law is a conclusion and insufficient.

3. The phrase "claim against the county," as used in C. S., sec. 3506, does not apply where the liability and its extent are so clearly fixed by positive provisions of the statutes that the question becomes purely one of law, leaving nothing for the commissioners to pass upon.

4. "Where the language of a statute is unambiguous, the clearly expressed intent of the legislature must be given effect, and there is no occasion for construction." (*State v. Jutila*, 34 Ida. 595, 202 Pac. 566.)

5. Under C. S., sec. 3224, the county is entitled to a one and one-half per cent collection fee for collecting the assessments of a drainage district.

6. The fact that certain sections of the statutes make it the duty of county officers to perform certain services for drainage

districts does not prevent such officers from charging the fees prescribed by other sections for such services.

7. C. S., sec. 3585, did not authorize the deposit of drainage district funds in depositary banks.

8. When a county treasurer deposited drainage district funds in depositary banks, the district, not the county, was entitled to the interest.

9. Where, after the going into effect of Sess. Laws, 1921, chap. 256, the funds of a drainage district were left in banks previously designated by, and on terms previously fixed by, the board of county commissioners, the drainage district is entitled to the interest.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. F. Reddoch, Judge.

Action for damages. Judgment for plaintiff on first and second cause of action *reversed.* Judgment for defendant on third cause of action *reversed.* Judgment for plaintiff on fourth cause of action *affirmed.*

Laurel E. Elam and Carl A. Burke, for Appellant.

In an action on a claim against the county the complaint must set forth facts showing that the claim has been presented in form and within the time required by law to the board of county commissioners for their action and has been rejected in whole or in part by them. (C. S., secs. 3506, 3509, 3513; *Boise Valley Traction Co. v. Ada County,* ante, p. 350, 222 Pac. 1035; 7 R. C. L. 966; 15 C. J. 667; 20 Standard Ency. of Proc. 118; *Butts County v. Wright,* 143 Ga. 253, 84 S. E. 443; *Bridges v. Multnomah County,* 92 Or. 214, 180 Pac. 505; *Biron v. Board of Water Commrs.,* 41 Minn. 519, 43 N. W. 482; *Rhoda v. Alameda County,* 52 Cal. 350; *Scarbourgh v. Watson,* 140 Ala. 349, 37 So. 281; *First Nat. Bank of Custer County,* 7 Mont. 464, 17 Pac. 551; *McCullough v. Colfax County,* 4 Neb. (Unof.) 543, 95 N. W. 29.)

Interest on drainage funds deposited by the county treasurer in depositary banks belongs to the county. (C. S., secs. 3585, 3586.)

The county is entitled to charge one and one-half per cent as a collection charge for all sums collected for plaintiff. (C. S., sec. 3224.)

The county recorder, auditor and clerk of Ada county, Idaho, properly charged the plaintiff the statutory fee for preparing certified copies of and filing and recording general and special assessment-rolls of the district. (C. S., secs. 3702, 3703, 3706, 3707, 3712, 3713, 3714.)

Defendant is entitled to interest on drainage funds deposited by the county treasurer in county depositaries for the period covering May 4, 1921, to September 30, 1921. (Chap, 266, Laws 1921.)

C. S. Hunter, for Cross-appellant.

"If the words or phrases of a statute are not obscure or ambiguous, its meaning and the intention of the legislature must be determined from the language employed, and when there is no ambiguity in words there is no room for construction." (Black, Interp. L., sec. 51, p. 141; *United States v. Colorado & N. W. R. R. Co.,* 157 Fed. 321, 13 Ann. Cas. 893, 85 C. C. A. 27, 17 L. R. A., N. S., 167; *Empire Copper Co. v. Henderson,* 15 Ida. 635, 99 Pac. 127; *Turner v. Roseberry Irr. Dist.,* 33 Ida. 746, 198 Pac. 465; 25 R. C. L. 1026, sec. 260.)

The county has no right to make a collection charge of one and one-half per cent, or any other sum, against the district, since the law does not authorize same.

"The legislative intention, to be efficient at law, must be set forth in a statute." (Suth., Stat. Con., sec. 234.)

"It is a general rule of statutory construction that the express mention of one person, thing or consequence is tantamount to an exclusion of all others." (Black, Interp. Law, sec. 72, p. 219.)

McCARTHY, C. J.—The complaint in this case contains four causes of action. Cross-appellant is a drainage district situate in appellant, Ada county. Under the statutes applicable appellant's treasurer and *ex-officio* tax collector

collected certain assesments levied by cross-appellant. In the first cause of action cross-appellant seeks to recover $1,639.43, which it alleges the said county treasurer deducted from the proceeds of assessments levied by cross-appellant and paid over to appellant as a collection fee or charge. A demurrer interposed by appellant to this cause of action was overruled. In the second cause of action cross-appellant seeks to recover fees in the amount of $154.36, which it alleges were paid by it under protest to Stephen Utter, appellant's clerk of the district court and *ex-officio* recorder and auditor, in order to obtain from him certified copies of assessment-rolls required by the statutes to be filed in the office of the recorder. A demurrer interposed by appellant to this cause of action was overruled. In the third cause of action cross-appellant seeks to recover $2,266.58, interest on the proceeds of a sale of its bonds, committed to the custody of appellant's treasurer and by her deposited in depositary banks in accordance with the statutes, said interest having been received by the county treasurer and deposited by her to the credit of the current expense fund of appellant. A demurrer interposed by appellant to this cause of action was sustained. In the fourth cause of action cross-appellant seeks to recover $1,579.79, being interest on the proceeds of a sale of its bonds deposited in depositary banks after the going into effect of chapter 256 of the Session Laws of 1921, said interest having been paid to the county treasurer and by her deposited to the credit of the current expense fund of appellant. A demurrer interposed by appellant to this cause of action was overruled. The parties declining to plead further, the court entered judgment for cross-appellant as prayed for on the first, second and fourth causes of action, and for appellant on the third cause of action. From this judgment appellant appeals to this court and cross-appellant appeals from the judgment in appellant's favor on the third cause of action.

Appellant contends that all the causes of action were based upon claims against the county within the meaning

of C. S., secs. 3506, 3509 and 3513, that it was necessary to present these claims to the board of county commissioners, and that, if it denied them, cross-appellant's only remedies were to appeal from the order of the board within twenty days or bring suit upon the claims within six months. Appellant also contends that the complaint does not sufficiently allege compliance with these provisions of the statutes. Each of the causes of action alleges that cross-appellant made written demand for payment in manner and form required by law, and that appellant declined to pay the same. If it be true, as contended by appellant, that these are claims against the county within the meaning of the statutes requiring presentation to the board of county commissioners, then the pleading is bad. In such cases the complaint must allege ultimate facts which show a compliance with the statutory requirements. The mere allegation that a demand has been made as required by law is a conclusion of law and insufficient. (*McCullough v. Colfax County,* 4 Neb. (Unof.) 543, 95 N. W. 29; *Biron v. Board of Water Commrs.,* 41 Minn. 519, 43 N. W. 482; *First Nat. Bank v. Custer County,* 7 Mont. 464, 17 Pac. 551; *Rhoda v. Alameda Co.,* 52 Cal. 350; 15 C. J. 667.) We are not satisfied, however, that these causes of action are based upon claims against the county within the meaning of the statutes. In *Village of Mountain Home v. Elmore County,* 9 Ida. 410, 75 Pac. 65, this court held that the provisions of the statutes above referred to do not apply "to a municipality which claims twenty-five per cent of the road taxes collected against property situated within its corporate limits, and that such tax should be paid over by the county without the presentation of a claim therefor."

In that case the court does not give a full statement of the reason for its conclusion. The true reason for it is suggested in the opinion on rehearing in *Boise Valley Traction Co. v. Ada County, ante,* p. 363, 222 Pac. 1035. There, in deciding whether the failure of appellant to bring its action within six months of the rejection of the claim by the

board of commissioners was fatal to its action, this court said:

"If the order had been one which the board lacked authority to make under any circumstances it would have been void on its face and the present action would have been proper."

The principle supporting the decision in *Village of Mountain Home v. Elmore County, supra,* is the following: The phrase "claim against the county," as used in the above statutes, applies only where there is something for the commissioners to pass upon, involving the exercise of discretion on their part, that is to say where, under certain circumstances, they might be justified in rejecting the claim. It does not apply to a case where the liability and its extent are so clearly fixed by positive provisions of the statutory law that the question becomes purely one of law, leaving nothing for the commissioners to pass upon, and no room for the exercise of discretion. Such are the cases presented by the causes of action in the complaint. Whether or not cross-appellant is entitled to recover on them, or any of them, depends upon the decision of a clear-cut question of law, involving the application of statutes to a definite state of facts, and leaving no room for discretion. If the statutes apply, appellant has violated them by appropriating or extorting cross-appellant's money for its own purposes. We therefore conclude that these causes of action are not based upon claims within the meaning of the statutes requiring presentation to the board of county commissioners.

We will first consider whether the court erred in overruling appellant's demurrer to the first cause of action. C. S., sec. 3224, provides:

"All taxes of every city, town, village, school district or other district or municipality, levied according to law and certified in accordance with the provisions of this chapter, shall be collected and paid into the county treasury and apportioned to such city, town, village, school district or other district or municipality: Provided; That 1½ per cent of all taxes collected and paid into the county treasury for

every incorporated city, town or village, and every independent school district, and every other district or municipality having a treasurer whose duty it is to receive, keep and disburse all moneys belonging to such incorporated city, town, village, independent school district or other district or municipality, shall be apportioned to the county current expense fund, which apportionment shall be in full for all services of all county officers in the levy, computation and collection of such taxes.''

Appellant contends that under this section it was entitled to charge a collection fee of one and one-half per cent. On the other hand, cross-appellant contends that appellant was not entitled to a collection fee because a drainage district is not a ''district or municipality having a treasurer whose duty it is to receive, keep and disburse all moneys'' belonging to it, and therefore does not come within the provisions of sec. 3224, *supra*. Each party claims that the law is clear and unambiguous, leaving no room for construction. Yet each has a different construction which it claims should be adopted. Each invokes the canon of statutory construction declared by this court as follows:

''Where the language of a statute is unambiguous, the clearly expressed intent of the legislature must be given effect, and there is no occasion for construction.'' (*State v. Jutila,* 34 Ida. 595, 202 Pac. 566.)

We do not find that sec. 3224 is as clear and unambiguous as the parties regard it. The provision of the statute relating to the officers of a drainage district does not name a treasurer. (C. S., sec. 4501.) There is no provision of the statutes which specifically makes the county treasurer treasurer of a drainage district. However, the statutes make the county treasurer the custodian of the proceeds of the sale of bonds of drainage districts and make it his duty to pay the bonds. (C. S., secs. 4548, 4549, 4550.) Substantially the county treasurer is *ex-officio* treasurer of the drainage district. He is therefore in effect a treasurer whose duty it is to receive, keep and disburse the moneys of the district. He therefore comes within the scope of the lan-

guage used in sec. 3224, *supra,* even though he is not solely and exclusively the treasurer of the drainage district. There is no sound reason why the legislature should have intended to exclude drainage districts from the operation of sec. 3224, but, on the other hand, there is every sound reason why it should have intended to include them. The result suggested above can be reached without doing violence to the language used. We therefore conclude that the district court erred in overruling the demurrer to the first cause of action.

We will now consider the second cause of action. C. S., sec. 4499, provides that the clerk of the district court shall cause a certified copy of the order declaring the district organized to be filed in the office of the Secretary of State. C. S., sec. 4526, provides that he shall prepare a transcript of the apportionment of benefits, and certify the same to the recorder of the county in which the lands are situated, and that the recorder shall file the same of record. C. S., sec. 4527, provides that a similar transcript shall be filed by the clerk with the county auditor who shall enter it upon the tax-rolls of his office. It is for the services mentioned above that the officials of appellant charged cross-appellant certain fees, which were collected by them from cross-appellant's funds in the hands of the county treasurer. Appellant justifies this action under C. S. sec. 3702, which authorizes the clerk of the district court to charge certain fees for all lawful services that may be required of him by any party, under sec. 3706, which provides that the county recorder is allowed and may receive for his services certain fees to be paid him by the party procuring his services, under sec. 3708, which provides that county auditors are allowed certain fees for services, and under sec. 3712, which provides that these officers are not to perform any official services unless upon prepayment of the fees prescribed, except for the state or county. Certain other express exceptions are made by secs. 3707, 3713 and 3714, but do not pertain to drainage districts. These exceptions relate to services in *habeas corpus* proceedings, services rendered the

state, and pensioners. The mere fact that certain sections of the statutes make it the duty of the officers to prepare and file papers does not necessarily prevent the operation of other sections of the statutes which provide that certain fees shall be charged for these services. The fact that these other sections exempt certain parties from liability for fees, and do not include drainage districts in the exempted classes, is valid ground for holding that such districts are not exempted. *"Expressio unius est exclusio alterius."* Reading all these sections of the statutes together we conclude that the court erred in overruling the demurrer. The complaint does not raise any question as to the amount of the fees charged but simply that the county was not entitled to any fees for the services. The demurrer should have been sustained.

We pass now to the consideration of the third cause of action. C. S., sec. 3585, provides that the county treasurer of each county shall deposit in approved state, national or private banks the amount of money held by him as such county treasurer, and that the banks shall be required to pay to the county for the privilege of holding the same not less than two per cent per annum upon the amount so deposited. Sec. 3586 provides that the amount to be paid by the banks shall be computed on the average daily balance of the public moneys kept on deposit, that it is the duty of the banks to keep account of all such moneys deposited with them, and to render to the treasurer and auditor at the beginning of each month a statement showing the daily balance of the county moneys held by them during the preceding month, and all sums paid to the county for the privilege of keeping said moneys shall be credited to the account of the current expense fund. The demurrer to this cause of action was sustained by the court. Cross-appellant contends that, since the words "county moneys" are used in sec. 3586 and the expression "said moneys" is used in the following clause, which provides that interest shall be credited to the account of the current expense fund, that section applies only to moneys actually owned by the county and not to other

moneys like the funds of drainage districts, which are in the custody of a county treasurer but do not belong to the county. Cross-appellant therefore contends that there is no express provision of the statute as to what shall be done with the interest paid by the depositary banks on the funds belonging to drainage districts, and that it is necessarily implied that this interest shall go to such districts. It does not seem reasonable that the county should be entitled to interest on the funds of drainage districts in addition to the collection fee which we have held may be charged by the county treasurer for collecting their assessments or taxes. Such an intention should not be imputed to the legislature unless the language used clearly bears that meaning. From the language used in the two sections it seems to us that the legislature had in mind only the county money strictly speaking, and overlooked other money which might be in the hands of the county treasurer as treasurer *ex-officio* for subdivisions like drainage districts. This conclusion is strengthened by the fact that in 1921 the legislature enacted a public depositary law providing expressly for the deposit of money of drainage districts and all other districts created by our statutes, giving the official governing boards the power to control the place and terms of the deposit. From this it follows that the county treasurer had no authority before the passage of Sess. Laws 1921, chap. 256, to deposit the funds of cross-appellant. The money having been deposited without authority of law, the interest belonged to the owner of the fund. We conclude that the interest did not belong to the county, but to the drainage district, and the court erred in sustaining the demurrer to the third cause of action.

We now come to the fourth cause of action, which concerns interest earned on funds of the district deposited in the bank by the county treasurer after the going into effect of the law of 1921, which authorized such deposit. In support of its contention that the district court erred in overruling the demurrer to this cause of action appellant argues that, before cross-appellant would be entitled to the interest

on funds deposited, it would be necessary to show that the board of the district designated the depositary, and regulated the rate of interest. This was not done in the present case, but the money was allowed to remain in the same banks and upon the same terms, which had been designated and fixed by the board of commissioners before the passage of the act of 1921. Some question might have arisen between the depositary banks and the district as to the terms and conditions of the deposits, in the absence of an order by the district board. But it is certainly not the intent of this statute, and not in accordance with justice, that the county should receive and retain interest on funds of the drainage district. The court rightly overruled the demurrer.

To sum up, the judgment is reversed as to the first and second causes of action, and the district court directed to sustain the demurrer and dismiss the action, so far as those two causes of action are concerned. The judgment is reversed as to the third cause of action, and the district court directed to overrule the demurrer, and proceed in accordance with the views expressed in this opinion. The judgment is affirmed as to the fourth cause of action. Because the contentions of appellant are upheld as to the first and second causes of action, and the contentions of cross-appellant as to the third and fourth causes of action, and it seems impossible to accurately segregate the costs, none are awarded on this appeal.

William A. Lee and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.