WAYNE E. NEIL AND RUTH E. NEIL, PLAINTIFFS AND RESPONDENTS v. LEWIS AND CLARK COUNTY, MONTANA, A POLITICAL SUBDIVISION OF THE STATE OF MONTANA, AND J. MORLEY COOPER, ROBERT O'CONNELL AND NOBLE P. EVANS, AS COUNTY COMMISSIONERS OF SAID COUNTY, DEFENDANTS AND APPELLANTS.

No. 9650.
Submitted January 15, 1958. Decided March 25, 1958.
323 Pac. (2d) 270.

John C. Harrison, County Atty., Clarence Hanley, Deputy County Atty., Helena, for appellant. Clarence Hanley, Helena, argued orally.

Skedd, Harris & Mufich, Helena, for respondent. LaVerne V. Harris, Helena, argued orally.

THE HONORABLE W. R. FLACHSENHAR, District Judge, sitting in place of MR. JUSTICE BOTTOMLY:

The defendants have appealed from a judgment entered on a jury verdict in favor of the plaintiffs, for $1,680 damages, for gravel taken by defendants without permission from plaintiff's land in the defendant county in June and July of 1951, and used for surfacing one of the nearby roads of said county.

This action was commenced June 18, 1954, after plaintiffs received no action from their claim filed with the county commissioners of defendant county, on May 4, 1954, for damages in the sum of $10,000, for the wrongful removal of approximately 8,000 cubic yards of alleged mineral bearing dirt and gravel. The question of malice was eliminated.

Appellants admit the taking of the gravel for the road as contended by respondents, but under the belief that the land on which the gravel pit was located belonged to the Northern Pacific Railway Company, from whom they had obtained permission. They contended further that the amount of gravel removed did not exceed 1,800 cubic yards and the market value did not exceed five cents (5¢) per cubic yard.

There was conflicting testimony as to the value of the gravel, the respondents contending it was gold bearing in that it was located in the ''Scratch Gravel Hills,'' about fourteen miles northwest of Helena.

The jury were correctly instructed as to the burden of proof and preponderance of evidence, and there is ample testimony to support their findings as to ownership, amount and value of the gravel taken.

This court has long since followed the rule that our province is to ascertain whether the evidence viewed in the light most favorable to the prevailing party sustains the verdict. It is the jury's province to pronounce between conflicting views contained in the evidence. Batchoff v. Craney, 119 Mont. 157, 172 Pac. (2d) 308.

This brings us to the main contention of appellants, which is that this action is barred by the provisions of section 16-1802, R. C. M. 1947, which, at the time this action arose, provided:

"No account must be allowed by the board unless the same is made out in separate items, the nature of each item stated, and is verified by affidavit showing that the account is just and wholly unpaid; and if it is for official services for which no specified fees are fixed by law, the time actually and necessarily devoted to such service must be stated. Every claim against the county must be presented within a year after the last item accrued."

The main provisions of the section have been substantially the same in our several codes. Counsel have cited cases that have construed this law and a careful examination discloses that nearly all of them can be easily distinguished from the facts of the case now before us on appeal.

The early case in 1889 of Powder River Cattle Co. v. Commissioners of Custer County, 9 Mont. 145, 22 Pac. 383, was a case for recovery of an overpayment of taxes. The opinion on page 152 of 9 Mont., on page 385 of 22 Pac., cites First National Bank of Billings v. Commissioners of Custer County, 7 Mont. 464, 17 Pac. 551, decided in 1888, which was a claim for witness fees, and the complaint was held fatally defective because a proper claim had not been filed. In neither of these cases was the one-year statute of limitations set up as a bar as in the instant case.

The case of Greeley v. Cascade County, 22 Mont. 580, 57 Pac. 274, was an action over a county warrant. School District v. Pondera County, 89 Mont. 342, 297 Pac. 498, decided in 1931,

cites section 4605, now 16-1802, on page 351 of 89 Mont., on page 502 of 297 Pac., and after referring to the Greeley case, and the Powder River Cattle Co. case, supra, holds "but not all obligations of the county come within the purview of the section. Section 4605, with its companion sections, has to do with claims or accounts against the county, the general nature or character of which is indicated in the section itself." The opinion then cites Flynn v. Beaverhead County, 54 Mont. 309, 170 Pac. 13.

In Kalman v. Treasure County, 84 Mont. 285, 275 Pac. 743, in the opinion by Justice Angstman in 1929, the judgment of the district court for the plaintiff was affirmed, our court declining to agree with the defendant county that sections 4604 and 4605, Revised Codes 1921, now 16-1801 and 16-1802, R. C. M. 1947, were applicable as to bonds or interest coupons. The Flynn and Kalman cases were cited in School District v. Pondera County, supra. The case of Weir v. Silver Bow County, 113 Mont. 237, 124 Pac. (2d) 1003, decided in 1942, has to do with claims for mileage of the sheriff of the defendant county, and does not support defendant's contentions herein as to the applicability of Section 4605, now 16-1802.

The case, Flynn v. Beaverhead County, 54 Mont. 309, 170 Pac. 13, was a second appeal to this court. In the first appeal, 49 Mont. 347, 141 Pac. 673, the judgment of the lower court holding that an action in ejectment could not be maintained, was affirmed. On page 353 of 49 Mont., on page 675 of 141 Pac., Chief Justice Brantly said: "Having taken and converted it into a highway, it must remain a highway, under the statute, supra, until it has ceased to be such by one of the means therein prescribed.

"It is not meant by anything here said that the plaintiff is wholly without remedy. He may not thus be deprived of his land without full compensation for it. Upon the plainest of principles of justice, the board of commissioners should ascertain the amount to which he is entitled and pay him. In the

absence of favorable action on its part, he may maintain his action for it as he at first attempted to do. But in face of the provisions of the statute, supra, he cannot destroy the highway established according to law, through the medium of an action in ejectment.''

This was a case of where the plaintiff had consented to the taking of part of his land for a road, but did not build the road according to agreement. After this court had held that he could not maintain an action in ejectment, plaintiff then commenced another action to recover compensation for the land taken by the county. The bar of the statute of limitations was pleaded by the county, then section 2945, Revised Codes of 1907, now 16-1802, hereinbefore quoted, and on appeal from a judgment of nonsuit, this court in the second appeal on page 312 of 54 Mont., on page 14 of 170 Pac., said, ''That the subject matter of this litigation is not such as to give rise to a claim within the meaning of that section is apparent.'' The judgment of non-suit was reversed and the cause remanded for a new trial, the court holding on page 314 of 54 Mont., on page 14 of 170 Pac., as follows: ''This does not give rise to a claim within the meaning of section 2945, [now section 16-1802, R. C. M. 1947], but for the breach of the agreement plaintiff may maintain his action for damages in the way of compensation.''

And concluding on the same page by saying that: ''The non-suit was granted upon the theory that plaintiff's cause of action is barred by the provisions of sections 2945 [now section 16-1802, R. C. M. 1947] and 6450a [now 93-2609, R. C. M. 1947]; but, as neither section is applicable, the ruling was erroneous.''

Under our Montana Constitution, Art. III, section 14, payment or tender of compensation is a condition precedent to the acquisition of private property for public use, and possession .taken without compliance therewith is wrongful. Flynn v. Beaverhead County, supra; Eby v. City of Lewistown, 55 Mont. 113, 173 Pac. 1163. Since defendants appropriated plaintiff's gravel without first ascertaining the legal ownership thereof, we

hold plaintiffs' action was not barred by sections 16-1802, R. C. M. 1947, or companion statutes.

Having examined the exceptions taken and argued and finding no reversible error, the judgment is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.