MATUSEVITZ, Appellant, *v.* HUGHES, Respondent.

(No. 1,870.)

(Submitted November 15, 1901. Decided December 23, 1901.)

*Appeal—Briefs—Rules of Supreme Court—Failure to Observe —Affirmance—Assignments of Error—Cross-Examination— Evidence.*

Under Supreme Court Rule X, an order appealed from will be affirmed where the statement of the case in appellant's brief does not conform to the Rule.

On Reconsideration, Without Rehearing.

1. Where the matters assigned in appellant's brief as errors do not on their face seem to be such as can be injurious to any one, they will not be considered.
2. Where appellant's brief contains no reference to any line or page of the transcript where the matters referred to in certain assignments of error can be found, such assignments will not be considered.
3. Assignments of error based upon questions asked a witness upon cross-examination which elicit no prejudicial answers, will not be considered.
4. Assignments of error not touched upon in appellant's brief or oral argument may not be considered.

5.  It is reversible error for the trial court to overrule a motion to strike out hearsay and incompetent evidence.
6.  If a witness shows himself to have been for a long time in a position to know and hear what neighbors say about a person, and he has never heard the character of such person questioned or talked about, this fact is competent evidence tending to prove good character of such person.
7.  A written receipt given by the district court clerk for certain money alleged to have been paid upon a judgment, is not competent evidence to prove that the judgment creditor got the money.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by Fannie Matusevitz against Lillie R. Hughes, administratrix of the estate of S. J. Reynolds, deceased. There was judgment for defendant, and from an order denying a new trial the plaintiff appeals. Affirmed. On reconsideration, reversed.

*Mr. Oliver M. Hall, Mr. E. B. Howell* and *Mr. G. W. Stapleton,* for Appellant.

*Mr. John T. Baldwin* and *Messrs. McBride & McBride,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

This cause is before us upon appeal. At the time when appellant's brief was filed, September 5, 1899, the following rule of this court was, and now is, in force, to-wit:

"(3)  Contents of Brief. The appellant's brief shall contain, in the order here stated:

"(a)  A concise abstract or statement of the case, presenting succinctly the questions involved, and the manner in which they are raised, which abstract shall refer to the page numbers in the transcript in such manner that pleadings, evidence, orders and judgment may be easily found. * * *" (Rule X, 22 Mont. xxxiv, 57 Pac. vii.)

The statement of the case in the brief does not conform to the rule in any respect, except that it is concise. It even fails

to inform the court from what order or judgment the appeal is taken, or that there ever was an order or judgment made or entered in the case. The transcript embraces 598 pages of matter, and, as appellant says, is unusually cumbersome. From the notice of appeal we find that the action of the court from which appeal was taken was an order denying a motion for a new trial.

The rules of court are necessary, and are made to be obeyed. For failure to obey the rule mentioned, the order appealed from is affirmed, on authority of *McCleary* v. *Crowley,* 22 Mont. 245, 56 Pac. 227; *Gibson* v. *Hubbard,* 22 Mont. 517, 57 Pac. 88; *Anderson* v. *Carlson,* 23 Mont. 43, 57 Pac. 439; *Smith* v. *Denniff,* 23 Mont. 65, 57 Pac. 557, 50 L. R. A. 737; *Rehberg* v. *Greiser,* 24 Mont. 487, 62 Pac. 820, 63 Pac. 41; and other cases decided by this court.

*Affirmed.*

On Reconsideration, Without Rehearing. Reversed.

(Resubmitted January 31, 1902.   Decided April 3, 1902.)

MR. JUSTICE MILBURN delivered the opinion of the court.

This case has been very poorly presented. The brief of appellant is so obscure that we hesitate to state the case upon which he seems to rely. It appears, however, that this is an action by the plaintiff against the sheriff for the recovery of a certain stock of goods valued at $7,000, and that the defendant prevailed, the plaintiff appealing. Since the appeal was taken the defendant has departed this life, and Lillie R. Hughes, administratrix, has been substituted in his stead.

The pleadings are too voluminous for recital herein. There is no succinct or other statement of them in the brief of appel-

lant.    Examining the complaint we find, that it is alleged that on February 5, 1895, one Mary Schultz was indebted to one Ruth Hague for $3,000, and that on that day the former sold and delivered to the latter a certain stock of drugs, etc., and that "the sale was intended    *    *    *    as a conditional sale" to secure the debt; that immediately Ruth Hague took exclusive possession of the goods; that Mary Schultz never redeemed the pledge; that defendant, on February 12, 1894, took the property from the possession of Ruth Hague wrongfully and without her consent; and that on February 16, 1894, Ruth Hague transferred all her right to the goods over to plaintiff.

The defendant denies that Ruth Hague or the plaintiff ever owned the goods, but alleges that at the time of the taking by the defendant sheriff, under an attachment against one Carl Schultz and Mary Schultz, the property was that of Carl Schultz and Mary Schultz, partners, the writ of attachment having been regularly issued in a suit in which one Maul was plaintiff against Carl Schultz and Mary Schultz.    Defendant charges conspiracy between Carl Schultz, Mary Schultz, Ruth Hague *et al.*

The plaintiff appeals from the order denying her motion for a new trial.    The order of the court denying the motion was by this court affirmed on the 23d day of December, 1901, on account of the failure of the appellant to comply with the rules of this court in that counsel failed to furnish a brief containing a proper statement of the case.    Counsel for appellant having moved the court to set aside the order of affirmance, at the same time calling our attention anew to what he designates as his supplemental brief— it being in fact his written argument used on hearing—it has been, by a majority of the court ordered that the cause be reconsidered, without rehearing, although it is very difficult to see wherein the briefs of counsel comply with the rule as to matters referred to in the opinion of December 23, 1901, *ante,* p. 212.    This determination to reconsider was made only out of abundant caution, on the court's own motion,

to the end that no possible injustice should be done in the matter, and the order of affirmance was duly vacated.

Twenty alleged errors are assigned. We take up only those which are properly presented by the record and necessary to be considered and not waived.

The first and second assignments are not to be considered, first, because the questions objected to do not on their face seem to be such as can be injurious to any one, and, secondly, because no line or page of the 598 page transcript where the matter referred to can be found is given.

The third, fourth, fifth and sixth assignments are upon the ground that the witness Carl Schultz is not a party to the suit, and that the questions asked of him are incompetent, irrelevant and immaterial. He and others are in the answer charged with conspiracy with the plaintiff. The testimony was competent and material as tending to show his relation with the plaintiff and his connection with the property, he being a witness offered by the plaintiff to support her contention that the property was in fact hers. These points were not argued by counsel on the hearing. We find no error in the court's action in reference to them.

From assignment No. 7 it appears that counsel objected to the following question, asked of said witness Schultz upon cross-examination: "What were you charged with at that time, what were you arrested for?", upon the ground that it was incompetent, irrelevant and not proper cross-examination. As far as we can discover from this very voluminous and cumbersome record, without any considerable aid from counsel, it appears that this witness of plaintiff voluntarily in part of his testimony stated that he had been arrested and that a certain affidavit, produced by him in evidence in this case, was for evidence in another case in which he had been under arrest, and having thus opened the door, it was not prejudicial, if error at all, for the court to permit counsel to ask the question complained of.

The same remarks apply to the eighth assignment, and, besides, no prejudicial answer was elicited.

The ninth assignment is not considered for the reason that it is not properly presented,—it is not touched upon in the statement, oral argument, or supplemental brief.

The tenth assignment is not referred to in any of the argument of appellant.

As to the eleventh, twelfth and thirteenth assignments, suffice it to say that although it may be that plaintiff's objections were good, the matters are not presented properly and we need not consider them.

The court erred in overruling plaintiff's motion, mentioned in assignment fourteen, to strike out the testimony of defendant's witness, Miss Walsh, relative to the alleged relationship between plaintiff and the witness, Mary Schultz, as the testimony was hearsay and incompetent.

It was error for the court to strike out the testimony of Richard James (assignment fifteen) and the witness Myers (assignment sixteen), which tended to prove, in rebuttal, the reputation of Mary Schultz. The testimony was competent and should have been allowed to go to the jury for what it was worth. If a witness shows himself to have been for a long time in a position to know and hear what people say about a person in the community where such witness and such other person reside, and he has never heard the character of the latter questioned or talked about, this fact is evidence tending to prove good character of the person whose character is being examined into. If one live such a life as not to excite adverse criticism of good or bad people, it cannot be said that this person has aught else than a reputation for good character.

The court did not err in its ruling mentioned in assignment seventeen. There was admitted in evidence a receipt given by the deputy clerk of the district court for certain money alleged to have been paid upon a judgment, said to have been entered in another suit of *Maul* v. *Carl Schultz and Mary Schultz.* The court struck it out on motion of defendant. There is au-

thority we know supporting appellant's contention that the receipt was competent, as shown in the brief of appellant, (17 Am. & Eng. Enc. Law, 2d Edition, 860; *McDonald* v. *Atkins,* 13 Neb. 568, 14 N. W. Rep. 532), but we do not approve the same. It is no part of the duty of the clerk of the district court to receive money in payment of judgments entered in the records of the court of which he is an officer. If he should receive and afterwards appropriate to his own use such moneys, the sureties upon his official bond certainly would not be liable. He is not the agent of any party to a suit. His duties are fixed by law. It has been said by the courts, in opinions upon this question, that it has been a long established practice to pay money into the hands of the clerk to apply upon judgments, and we doubt not that it has always been the habit of judgment creditors to receive such money when tendered and to adopt and ratify the act of the clerk in entering such payments upon the judgment docket, but this will not, and does not, make his receipt legal evidence to prove that the judgment creditor got the money in any particular case.

The remaining assignments are waived and not argued.

For the reasons above stated, the order denying the motion for a new trial must be and is reversed, and the cause remanded for a new trial.

The appellant may not, in this case, recover his costs on appeal; and he shall pay all costs incurred by the respondent, except the cost of printing the last nine pages of his brief.

*Reversed and remanded.*

MR. JUSTICE PIGOTT: I concur.

MR. CHIEF JUSTICE BRANTLY: I concur with my associates in the opinion that prejudicial error was committed by the district court on the trial of this case. Had counsel of appellant presented the case to this court by filing a brief in conformity with the rules, I should have been in favor of reversing the

order denying her a new trial. Having failed to obey the rules, however (*ante,* p 213), plaintiff is not entitled to have the case considered. I think this order should be affirmed. I therefore dissent from the order or reversal now made.