CORBY, RESPONDENT, v. ABBOTT, APPELLANT.

(No. 1,643.)

(Submitted July 16, 1903.   Decided July 20, 1903.)

*Judgment by Consent—Appeal.*

1.  Judgment entered on the stipulation of the parties is in fact a judgment by consent.
2.  One cannot complain on appeal of a judgment entered by his consent.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Sena E. Corby against W. H. Abbott.   From a final judgment in plaintiff's favor, defendant appeals.   Affirmed.

*Mr. E. B. Howell,* for Appellant.

*Messrs. McHatton & Cotter,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

Action for partnership accounting.   Appeal by defendant from a final judgment rendered in favor of plaintiff.

Plaintiff alleged the existence of a partnership between herself and defendant, "for the purpose of carrying on and conducting a lease upon the water pumped from the Parrot mine

and other mines belonging to the Parrot Copper & Silver Mining Company, and precipitating the copper carried in solution in said water during the term of a certain verbal lease." Plaintiff further alleged that she was the owner of a one-third interest in said partnership and lease.

Defendant denied the partnership, and the interest of plaintiff as alleged, but admitted that plaintiff was entitled to a one-sixth interest in the lease, for the proceeds of which he had accounted to the plaintiff.

At the close of plaintiff's testimony a motion for nonsuit was made by defendant and denied. The judgment recites: "Witnesses on the part of the plaintiff and defendant were sworn and examined, and, after hearing the evidence and arguments of counsel," etc., the jury returned certain special findings. Defendant also moved the court to reject these findings. This motion was denied. The judgment sets forth the following recital: "Thereafter, by a stipulation and agreement of the parties, in writing, filed in this cause, it was stipulated by and between the said parties that there was due and owing to the plaintiff from the defendant, upon the basis of a one-third interest to plaintiff, and under the terms and provisions of this decree, the sum of $609.38 at the date of the commencement of this action, and that the plaintiff is entitled to an undivided one-third of all the property and proceeds of the said partnership, and that judgment may be entered herein in accordance with said stipulation and agreement."

The ordering part of the judgment then follows. No objection is urged by appellant that the judgment does not conform to the stipulation. In fact, the attorneys for neither of the parties make any reference to this stipulation or recital.

The judgment having been entered upon the stipulation of the parties, it is in fact a judgment by consent. It is a familiar principle of law, which needs no citation of authority to sustain it, that no one can complain of a judgment entered by his consent. Appellant, therefore, cannot maintain this appeal.

We are of the opinion that the judgment should be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion the judgment appealed from is affirmed.

Rehearing denied October 9, 1903.