STATE ex rel. GILLETT, Respondent, *v.* CRONIN et al., Appellants.

(No. 2,827.)

(Submitted May 18, 1910.   Decided May 23, 1910.)

[109 Pac. 144.]

*Counties—Townships—Changing Boundaries—Powers of Board of Commissioners.*

Counties—Board of Commissioners—Powers.
  1.   The board of county commissioners is a body of limited jurisdiction, and before a power may be exercised by it, the authority for the action must be found written in the law, or it must be clearly implied from some express grant of power.

Same—"Township"—Definition.
  2.   A township is a subdivision of a county.

Same—Townships—Changing Boundaries—Extent of Power of Board of Commissioners.
  3.   *Held,* that while the board of county commissioners has the power, under section 2894, Revised Codes, to change the boundaries of a county, or to abolish a township altogether, its authority in this respect is limited to the extent that there must always be at least two townships in each county; hence in abolishing all but one township in a county the commissioners acted in excess of their jurisdiction.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

MANDAMUS by the state, on the relation of A. H. Gillett, against J. H. Cronin and others, county commissioners of Silver Bow county. From a judgment granting the writ and an order denying a new trial, defendants appeal. Affirmed.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, submitted a brief in behalf of Appellants. *Mr. Hall* argued the cause orally.

In behalf of Respondent, there was a brief and oral argument by *Mr. N. A. Rotering.*

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

*Mandamus* to compel the board of county commissioners of Silver Bow county to appoint a justice of the peace in and for South Butte township.

Prior to September 22, 1908, there were six organized townships in Silver Bow county, *viz.,* Silver Bow, South Butte, Meaderville, Walkerville, German, and Red Mountain. On the last-mentioned date the board of commissioners made an order abolishing all the townships excepting Silver Bow, and extending the boundaries of that township, so that they became coterminous with the boundaries of Silver Bow county. This order was made to become effective on the first Monday of January, 1909. At the general election held in November, 1908, there were but two justices of the peace elected in the county; that is, two for the newly extended township of Silver Bow. In February, 1909, this proceeding was commenced. The district court, after trial, directed the peremptory writ to issue, and, from the judgment and an order denying a new trial, the defendant board appealed.

May the board of county commissioners in any county of this state limit the number of townships in that county to one?

There is not any authority directly bearing upon the question
to be found; but, since the board of county commissioners is one
of limited jurisdiction, before a power is exercised by it, the
authority for the action must be found written in the law, or
it must be clearly implied from some express grant of power.
(*State ex rel. Lambert* v. *Coad,* 23 Mont. 131, 57 Pac. 1092.)
Is the authority sought to be exercised by the appellant board
expressly granted, or is it implied? The only express grant of
power referable to the subject now under consideration is found
in section 2894, Revised Codes, which provides: "The board of
county commissioners has jurisdiction and power under such
limitations and restrictions as are prescribed by law:  *   *   *
(2) To divide the counties into townships, school, road and other
districts required by law, change the same and create others
as convenience requires." The power to divide a county into
townships can scarcely be said to authorize the creation of a
single township from an entire county, and other provisions of
the Codes seem to indicate that the legislature did not intend
such a result. Section 9589 provides that, if the defendant in
a criminal case pending in a justice of the peace court makes
it appear by affidavit that he cannot have a fair and impartial
trial in the particular township where the cause is pending by
reason of the prejudice of the citizens of that township, "the
cause must be transferred to a justice of the township where
the same prejudice does not exist." The provisions of our con-
stitution and other provisions of our Codes sufficiently demon-
strate that a change of venue cannot be had from a justice of
the peace court of one county to a justice of the peace court
of another county, and, by creating but a single township in
a given county, the commissioners of that county could nullify
the provision of section 9589 above.

Furthermore, in the absence of anything to indicate a con-
trary intention, we must assume that the framers of our con-
stitution and the members of the legislature in speaking of
municipal townships used the word "township" in the ordinary,
popular sense of the term, according to the context and the

approved usage of the language. This is the rule of construction provided by our Codes. (Section 8070.) A township is a subdivision of a county. (Anderson's Law Dictionary; *Chicago & N. W. R. Co.* v. *Oconto,* 50 Wis. 189, 36 Am. Rep. 840, 6 N. W. 607; Abbott's Law Dictionary; 8 Words & Phrases, 7032.) To constitute an entire county a single township can scarcely be said to be a division of the county into townships, and such arrangement would apparently defeat the purpose of section 9589 above; while, on the contrary, if there be two or more townships in a county, the accepted definition of the word "township" is observed, and every provision of the Code touching the subject is given full force and effect.

Since we are left to determine the legislative intent in order to answer the inquiry submitted above, and there does not appear to be, in terms, any express grant of the power sought to be exercised, it would seem to do violence to the most elementary rules of statutory construction to assume that the legislature intended a construction to be placed upon the language employed in section 2894, which would render nugatory the right guaranteed to a defendant by section 9589. While there is ample authority in the board to change the boundaries of a township, or to abolish a township altogether, a due regard for other provisions of the Codes requires that such authority be exercised with this limitation: That there shall always be at least two townships in every county. In abolishing all the townships in Silver Bow county but one, the board exceeded its authority, and its order of September 22, 1908, is void.

We do not find any error in the record. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.