STATE ex rel. MULHOLLAND, Relator, *v.* DISTRICT
COURT et al., Respondents.

(No. 6,783.)

(Submitted October 22, 1930. Decided November 17, 1930.)

[293 Pac. 291.]

*Mr. A. G. Shone, Mr. Lester H. Loble* and *Mr. Hugh R. Adair,* for Relator, submitted a brief; *Mr. Shone* and *Mr. Adair* argued the cause orally.

*Messrs. Kremer, Sanders & Kremer,* for Respondents, submitted a brief; *Mr. Alf. C. Kremer* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Relator, while an employee of the Butte & Superior Mining Company, received injuries resulting in his total disability. After a series of hearings the Industrial Accident Board awarded him compensation upon that basis. From the award an appeal was taken to the district court which affirmed the findings of the board, and upon appeal to this court the judgment of the district court was affirmed. (*Mulholland* v. *Butte & Superior Min. Co.,* 87 Mont. 561, 289 Pac. 574.) Shortly after the decision of this court was rendered relator filed with the board a petition asking for a lump sum settlement, and the application was set for hearing on October 15, 1930. On October 11 the Butte & Superior Mining Company made application to the district court of Silver Bow county and to Hon. Frank L. Riley, one of its judges, for a writ of prohibition to restrain the board from taking any further steps in the matter. Thereupon an alternative writ of prohibition was issued, re-

turnable before the district court on the 25th of October, 1930, the board being restrained from proceeding further meanwhile. Relator applied to this court for a writ of prohibition directed to the district court and Judge Riley to restrain action upon the application filed by Butte & Superior Mining Company in the district court. Thereupon we issued an alternative writ of prohibition restraining the district court and the judge thereof from proceeding further in the matter, with which went an order to show cause. In response thereto respondents have filed a motion to quash and also an answer to relator's petition. The motion to quash challenges the jurisdiction of this court, the argument being that this court should not have entertained jurisdiction originally, but should have awaited the action of the district court upon the application of the Butte & Superior Mining Company.

The point is not good. The situation here is very like that which was before us in *State ex rel. Mueller* v. *District Court*, 87 Mont. 108, 285 Pac. 928. If the district court exceeded its jurisdiction in entertaining the application for a writ of prohibition proffered by the Butte & Superior Mining Company, there is no reason why it should be permitted to proceed in an attempt to exercise jurisdiction which it does not possess. This court, having exercised its discretion in entertaining relator's application, will now proceed to determine the matter upon its merits.

Section 2926, Revised Codes 1921, provides: "The monthly payments provided for in this Act may be converted, in whole or in part, into a lump sum payment, which lump sum payment shall not exceed the estimated value of the present worth of the deferred payments capitalized at the rate of five per centum per annum. Such conversion can only be made upon the written application of the injured workman, his beneficiary, or major or minor dependents, as the case may be, and shall rest in the discretion of the board, both as to the amount of such lump sum payment and the advisability of such conversion. The board is hereby vested with full power, authority, and jurisdiction to compromise claims and to approve com-

promises of claims under this Act; and all settlements and compromises of compensation provided in this act shall be absolutely null and void without the approval of the board."

Under the provisions of section 2952 "the board shall have ▇ continuing jurisdiction over all its orders, decisions, and awards, and may, at any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter, or amend any such order, decision, or award made by it upon good cause appearing therefor. Any order, decision, or award rescinding, altering, or amending a prior order, decision, or award, shall have the same effect as original orders or awards."

Section 2955 provides for rehearings, and section 2956 follows with: "Nothing contained in the preceding section shall, however, be construed to limit the right of the board, at any time after the date of its award, and from time to time after due notice and upon the application of any party interested, to review, diminish, or increase, within the limits provided by this Act, any compensation awarded upon the grounds that the disability of the person in whose favor such award was made has either increased or diminished or terminated."

The legislature had, and exercised, the power to create the Industrial Accident Board, and to confer upon it the necessary authority to administer the provisions of the Workmen's Compensation Act to the fullest extent, except as limited by constitutional provisions. In the Act the board's powers and duties are prescribed with considerable particularity, and comprehensive procedural provisions are made. The right of appeal to the district court is guaranteed to any party affected by any order, decision or award of the board (sec. 2959), and from the judgment of the district court an appeal may be taken to the supreme court (sec. 2962).

The determinative question presented upon this application is, Has the board any further power over its award after the award has been affirmed upon appeal?

The legislative intention to confer upon the board ample power and continuing jurisdiction over its award is clear and unmistakable; as to this, sections 2952 and 2956 leave no doubt.

Counsel for respondents do not question the right of the ▮ board "to convert the monthly payments awarded any claimant under the provisions of section 2926 while the claim is still before the board." But they say that, when the board makes an award which is affirmed upon appeal, the award then is no longer an award of the board, but is merged in the judgment of the district court; it is then *res adjudicata,* and to hold that the board may afterwards modify or change the award would be holding that it has the right to modify or change the terms of a judgment of the court. But in view of the terms of the Act, this position will not bear analysis. We are here dealing with a special Act, conceived to remedy, to some extent at least, the age-old evil which placed the burden of the workman's injuries upon himself instead of upon the industry which he labors to maintain. It is not appropriate to liken the appeal from an order, decision, or award of the board to the district court, to an appeal from the justice's court to the district court. It is true the procedure is somewhat similar; but this need not trouble us—it is a matter of machinery and forms.

The judgment of the district court in a compensation case is upon conditions then existing, and it determines that only which is then before the court; it goes no further. It is final and, therefore, *res adjudicata,* upon the very issue which it determines, and upon that only. But the judgment is not conclusive as to future conditions. It is rendered in contemplation of the state of a man's being, which is ever subject to change. The law itself anticipates a change of circumstances. (Secs. 2952, 2956.) The judgment is not a straight-jacket fixing for all time the status of an injured human being whose condition may grow better, may grow worse. If the injured man's condition improves, if he regains his health, to that extent he ceases to burden the industry; if he grows worse, the industry must bear the additional burden. Such is the clear meaning of the statute granting to the board continuing jurisdiction; it reflects the dictates of humanity and justice.

"It is well understood that the primary purpose of a continuing jurisdiction is to give a board or tribunal the power to modify or change a judgment or order to meet changed conditions, or to do justice in the light of newly discovered evidence, or to correct an order which was made as the result of fraud or imposition, or an order which would not have been made if certain facts later discovered had then been known to exist." (*Industrial Com.* v. *Dell,* 104 Ohio St. 389, 34 A. L. R. 422, 135 N. E. 669, 671.)

The amendment of section 2952 of Chapter 177, Laws of 1929, page 364, does not affect the situation presented in this case.

With the matter of a lump sum settlement the district court originally has nothing to do, as we held in *Landeen* v. *Toole County Refining Co.,* 85 Mont. 41, 277 Pac. 615, 617. In that case the claimant, prior to the appeal, had made application to the board to have the award in her favor converted into a lump sum payment, but the board had not passed upon the matter when the appeal was taken. We said the board "was not required to decide whether it would or would not commute the payments to a lump sum payment at the time it made its decision, but could have done so afterwards"—citing section 2952, Revised Codes 1921.

But counsel for respondents say that the *Landeen Case* is to be distinguished from this one because in that case the jurisdiction of the board had been invoked before the board lost jurisdiction of the matter. We do not appreciate the distinction. If the judgment of the district court is final, how does it follow that the right of the board to act upon the application is preserved merely because the question was pending before the appeal was taken? If the board lost jurisdiction when the appeal was perfected, how did it regain jurisdiction?

Upon the supposition that the position of counsel is correct, it would follow that, if the employee has not made application for a lump sum settlement before appeal, and the action of the board is affirmed, his right to ask a lump sum is forever lost, even though the circumstances which would make a lump sum settlement advisable did not arise until after judgment.

As the district court has no original jurisdiction to entertain the question whether an employee shall be allowed to have his weekly payments converted into a lump sum settlement, jurisdiction to entertain that question being in the board, there can be no application of the principle of *res adjudicata* upon that issue in this case; for that issue was not, and under the conditions could not have been, presented to the court. (See *Roma* v. *Industrial Com.*, 97 Ohio St. 247, 119 N. E. 461; *Crandall* v. *North Dakota Workmen's Compensation Bureau*, 53 N. D. 636, 207 N. W. 551; *Radcliffe* v. *The Pacific Steam Navigation Co.*, 102 L. T. 206; 3 Butterworth's Workmen's Compensation Cases, 185.)

As the board had full authority to inquire into the advisability of granting relator's application, it is manifest that the action of the district court in issuing the writ of prohibition was unwarranted; the court was treading upon ground whereon it had no right to go.

Let a peremptory writ issue perpetually restraining the district court from interfering with the board's consideration of relator's application.

ASSOCIATE JUSTICES FORD and ANGSTMAN concur.

ASSOCIATE JUSTICES MATTHEWS and GALEN, being absent, did not hear the argument and take no part in the foregoing decision.