PAULICH, Appellant, *v.* REPUBLIC ·COAL CO., Respond-
ENT.

(No. 7,239.)

(Submitted May 31, 1934.  Decided June 9, 1934.)

[33 Pac. (2d) 514.]

*Mr. F. W. Mettler*, for Appellant, submitted a brief and argued the cause orally.

*Mr. W. W. Mercer* and *Messrs. Murphy & Whitlock*, for Respondent, submitted a brief; *Mr. Mercer* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Luke Paulich, while in the employ of the Republic Coal Company, received injuries for which he was entitled to compensation under the Workmen's Compensation Act. After a hearing had on his claim duly filed, the Industrial Accident Board awarded him $19 per week for a period of four weeks as compensation for temporary total disability, and the same amount for a period of fifty-six weeks for permanent partial disability. The company appealed to the district court and applied to the board for a stay of the order pending the appeal. The claimant consented to the stay provided the weekly payments be made during the interim. As the award was made in July, 1932, and the payments were to date from August 20, 1931, when, on September 27, 1932, the application was made, thirteen payments, totaling $247, were past due. The district court granted the stay on condition that the defendant company pay to the claimant $19 for the week commencing on the date of the stay order and each week thereafter so long as the stay remained in force and effect. During the period elapsing between the making of the stay order and the court's determination on the appeal, the company paid to Paulich weekly $19, which payments totaled $342.

On the hearing on appeal the trial court found that the weekly payments should be $20 and awarded the claimant that amount for a period of fifty-six weeks, beginning with November 7, 1931; ordered that the claimant "accept from said defendant such compensation"; but declared that "the defendant is entitled to credit for such sums as have heretofore been paid." The claimant moved the court to correct its findings to include interest on deferred payments, but the court denied the motion and thereupon entered what is entitled its "Judgment and Order," of date March 25, 1933.

On April 11, 1933, the defendant deposited with the clerk of the court the sum of $778, being the product of multiplying $20 by 56, less the sum theretofore paid, or $342, with instruction to the clerk to pay the sum over to Paulich, or his attorney, only on condition that it be accepted in full settlement and satisfaction of the judgment. Counsel for Paulich accepted the money tendered with knowledge of the condition attached, but with the statement to the clerk that it did not make any difference how it was paid to the clerk.

On receipt of the defendant's check, the clerk indorsed in the judgment docket, "Satisfaction in full * * * 4/11/33," though the money was not received by counsel until April 13, 1933. On April 13, defendant deposited with the clerk $3.46 additional, as interest on the judgment, which sum was accepted by counsel on April 15.

On September 12, 1933, the claimant gave notice of appeal from the judgment, and thereafter perfected his appeal.

The defendant has moved to dismiss the appeal on the ground that the judgment was satisfied in full before notice of appeal was given. In opposition to this motion, counsel for the claimant contends that, strictly speaking, the "order and award" is not a judgment, but, if a judgment, it differs from the ordinary judgment by virtue of the provisions of the Compensation Law. It is further asserted that, in order to determine whether the judgment has been satisfied in full, this court must ascertain whether the requirement that the company pay $19 per week pending the appeal to the district

court, contemplated payment of a part of the award, or was merely a consideration for the stay, and that, as a part of the judgment, the claimant should have received interest on deferred payments, from August 20, 1931, and that, in any event, the clerk of the court was without authority to accept settlement of the judgment and enter satisfaction thereof.

There can be no question but that the final determination of the rights of the parties by the district court was a judgment. (Secs. 9313 and 2962, Rev. Codes 1921; *State ex rel. Mulholland* v. *District Court,* 88 Mont. 400, 293 Pac. 291; *State ex rel. Roundup Coal Co.* v. *District Court,* 94 Mont. 386, 23 Pac. (2d) 253.) Ordinarily, such a judgment would but require the payment of the weekly award, pending appeal to this court, and this would have to be done unless a stay was granted on application to this court. (Sec. 2962, Rev. Codes 1921.) Here, as the full sixty-six weeks from and after November 7, 1931, had elapsed prior to the entry of the judgment, it was a matter of computation as to the amount of the judgment and the full amount was due forthwith; it did not, therefore, differ materially from an ordinary judgment in an action at law. While no stay was asked or granted and in fact the transaction, claimed to be satisfaction, took place before notice of appeal was given, the claimant and his counsel were under no obligation to accept the amount found due by the court. True, the judgment contains a direction that the claimant shall "accept from the defendant such compensation"; but if he desired to appeal from the judgment and the whole thereof, as he did finally, his appeal would be from that direction, as well as from the amount of the award.

The question of interest on deferred payments was disposed of by the district court and whether that determination was right or wrong can only be settled on appeal. Likewise the nature of the payments made prior to the judgment is a question foreign to the motion to dismiss; if the court was wrong in decreeing that the defendant was entitled on the judgment to credit for payments theretofore made, that wrong should have been corrected on an appeal.

It is true that satisfaction of the judgment could not be effected by payment to the clerk of the court, as the clerk is without authority to receive money for such purpose (34 C. J. 686, 687; *Matusevitz* v. *Hughes,* 26 Mont. 212, 66 Pac. 939, 68 Pac. 467); but here the clerk was but the intermediary or agent of the defendant in tendering payment on condition that the money be accepted in full satisfaction of the judgment; the refusal of counsel to accept the amount tendered under the condition imposed would have closed the matter. The tender does not discharge or satisfy the debt, whereas payment does. (62 C. J. 656.) An objection to a tender on the ground of insufficiency of the amount, or that interest is not included, is waived unless made at the time of the tender. (Id. 663.)

When the defendant, through the clerk as its agent, offered to pay on condition that the payment be accepted in full satisfaction of the judgment, it was up to counsel for the claimant to accept the condition as well as the money, or reject the offer in its entirety. (*Flynn* v. *Beaverhead County,* 54 Mont. 309, 170 Pac. 13.) Counsel was tendered, and accepted, the fruits of the judgment; this act was inconsistent with the right of appeal; the election of the one necessarily excludes the enjoyment of the other. When a judgment is paid it passes beyond review; its satisfaction ends the proceeding. (*In re Black's Estate,* 32 Mont. 51, 79 Pac. 554.)

The motion to dismiss is granted and the appeal is dismissed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, STEWART and ANDERSON concur.