WEIR, RESPONDENT, *v.* SILVER BOW COUNTY, APPELLANT.

(No. 8,236.)

(Submitted January 14, 1942.  Decided April 4, 1942.)

[124 Pac. (2d) 1003.]

*Mr. Frank J. Roe,* County Attorney of Silver Bow County; and *Messrs. Harry K. Jones, T. F. O'Connell,* and *N. A. Rotering,* Assistant County Attorneys, for Appellant, submitted a brief and one in opposition to Motion to Dismiss Appeal; *Mr. Jones* argued the cause orally.

*Mr. Timothy Nolan* and *Mr. J. F. Sullivan,* for Respondent, submitted a brief; *Mr. Sullivan* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by defendant from a judgment in favor of the plaintiff. The judgment is the result of a controversy submitted without action under section 9872 et seq., Revised Codes. The agreed facts show that plaintiff was the sheriff of Silver Bow county from January, 1931, until January, 1939. During that time he incurred mileage by traveling in the performance of his duties, and presented claims against the county therefor from time to time. The claims were presented in some cases for 7 cents and in others for 8½ cents per mile. The claims were approved by the county auditor and allowed and ordered paid by the board of county commissioners. Nearly a year after plaintiff retired from his eight years in office he presented additional claims for mileage aggregating $16,528.87. These claims were for mileage for the same services covered by the previous claims which had been allowed and paid, but sought the difference between the 7 and 8½ cents per mile and 10 cents per mile. If these additional claims are allowed and paid, plaintiff will have received 10 cents per mile for all mileage. The additional claims were made separately for each year and allowed by the county auditor, but disallowed by the board of county commissioners. Thereupon plaintiff appealed to the district court, where the cause was submitted on an agreed statement and without any pleadings.

It was stipulated that "all of the items in said claims and each of them for mileage are proper and just charges against Silver Bow county, Montana." It was also stipulated that the items were not outlawed under the laws of the state of Montana, and that in all other respects the "claims and the amount thereof are proper charges against Silver Bow county, Montana, and that the same are in proper, legal form, and itemized and verified as provided by the laws of the state of Montana."

240

Pursuant to this stipulation the court entered judgment in ██ favor of the plaintiff. Defendant perfected this appeal from the judgment. Plaintiff has made a motion to dismiss the appeal upon several grounds, one of which is "that it affirmatively appears from the transcript on file herein that the judgment or order appealed from was entered by the lower court by consent and agreement of the parties to the proceeding, and that the appellant herein is not a party aggrieved thereby within the meaning of section 9730 of the Revised Codes." This motion must be sustained.

"Consent to a judgment is a waiver of any errors in it, and it is therefore an established rule that a judgment or order will not be disturbed on an appeal prosecuted by a party who expressly consented to the making of it. Under such circumstances the appellate court will not consider the appeal at all but will dismiss it." (Cal. Jur. 878.)

In *Schmidt* v. *Oregon Gold-Mining Co.*, 28 Or. 9, 40 Pac. 406, 408, 1014, 52 Am. St. Rep. 759, the court said: "Consent excuses error, and ends all contention between the parties. It leaves nothing for the court to do but to enter what the parties have agreed upon, and, when so entered, the parties themselves are concluded. From such a decree there is no appeal [citing cases]." (And see 4 C. J. S., Appeal and Error, sec. 213; *Interior Securities Co.* v. *Campbell*, 55 Mont. 459, 178 Pac. 582; *Corby* v. *Abbott*, 28 Mont. 523, 73 Pac. 120; *Board of Com'rs* v. *Gilliam*, 17 Mont. 333, 42 Pac. 852; *Hanrahan* v. *Andersen*, 108 Mont. 218, 90 Pac. (2d) 494.) This is not to say that there is no appeal from a judgment, but that the consent to the judgment is a waiver of the right to object to it by appeal or otherwise.

The defendant contends, however, that it was beyond the power of the board of county commissioners to give its consent to the matters covered by the stipulation. With this we do ██ not agree. The county commissioners are the ones to whom claims against the county must be presented in the first instance. They are given express authority to pass upon the

claims. This being so, they stand in somewhat the same situation as an executor or administrator. The rule is that "an executor or administrator can, in the exercise of his judgment, pay a debt proved against the estate. If he may pay the debt, it is difficult to see why, when suit is brought, he may not agree that judgment may be taken. Such a view is amply sustained by the authorities [citing cases]." (*Brown & Bros.* v. *Brown,* 56 Conn. 249, 14 Atl. 718, 720, 7 Am. St. Rep. 307.)

Defendant further contends that in any event it is beyond the power of the board of county commissioners to waive compliance with section 4605, Revised Codes, requiring claims against the county to be presented within a year after the last item accrued. It takes the position that failure to comply with that section of the statute defeats the claims (save the one covering the last year) as a matter of law, and that the county commissioners may not stipulate that they are proper charges against the county if there were failure to present the claims within the statutory time; and the county contends that the stipulated facts show that the claims were not presented within the time contemplated by section 4605. There are circumstances here which make the general rule contended for inapplicable.

Section 4605, requiring all claims to be presented within a year after the last item accrued, is a provision enacted for the benefit of the county commissioners to enable them to investigate the merits of claims while evidence is available from which their merits may be inquired into. That purpose was fulfilled when the claims were originally presented. They were then investigated and found to be legitimate and were allowed. The county commissioners then determined the fact that the work had been done by the sheriff necessitating the travel. The legal effect of the additional claims amounts to but amendments of the prior claims to the extent of asking for the difference between what the sheriff had received and the 10 cents

per mile to which he was entitled under the law. (Sec. 4885, Rev. Codes.)

We agree with the statement of law made by the supreme court of Idaho in *Drainage District No. 2 of Ada County* v. *Ada County*, 38 Idaho 778, 226 Pac. 290, 291, where it said: "The phrase 'claim against the county,' as used in the above statutes, applies only where there is something for the commissioners to pass upon, involving the exercise of discretion on their part; that is to say where, under certain circumstances, they might be justified in rejecting the claim. It does not apply to a case where the liability and its extent are so clearly fixed by positive provisions of the statutory law that the question becomes purely one of law, leaving nothing for the commissioners to pass upon, and no room for the exercise of discretion. Such are the cases presented by the causes of action in the complaint. Whether or not cross-appellant is entitled to recover on them, or any of them, depends upon the decision of a clear-cut question of law, involving the application of statutes to a definite state of facts, and leaving no room for discretion. * * * We therefore conclude that these causes of action are not based upon claims within the meaning of the statutes requiring presentation to the board of county commissioners."

The claims in question here were not such as required presentation to the board of county commissioners. This being so, we pass to the point whether it was proper for the board of county commissioners to stipulate that none of the items were ██ outlawed. The statute of limitations is a personal privilege which may be waived. It must be pleaded, in order to be ██ available as a defense. The county commissioners have the right and power "to direct and control the prosecution and defense of all suits to which the county is a party." (Sec. 4465.14, Rev. Codes.) It seems clear that the board could decline to plead the statute of limitations whenever it was of the opinion that facts showing the bar of the statute could not be established. This was the implication of the holding

in *Hicks* v. *Stillwater County*, 84 Mont. 38, 275 Pac. 296. This is the rule as to municipal corporations. (37 C. J. 721, note 19.) And we think the same rule applies to the county through its board of commissioners. If the board could thus waive the statute of limitations by declining to plead it, then it seems equally clear that it could expressly stipulate that the claims are not barred. This is not the same as stipulating to a conclusion of law, but is equivalent to a stipulation that the facts are not such that the plea of the statute of limitations would be available.

It will not do for the county commissioners, whose duty under the law is to pass upon claims against the county and who have the power to direct and control the prosecution and defense of all actions to which the county is a party, to trifle with the court by stipulating away all defenses, if any exist in favor of the county, and then contend that the court was in error in taking them at their word. They are the ones who speak for the county and the county is bound by any judgment rendered pursuant to their consent.

Since defendant is not an aggrieved party within the meaning of section 9730, Revised Codes, the motion to dismiss the appeal must be and is granted.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICE ERICK-SON and ANDERSON concur.

MR. JUSTICE MORRIS: I dissent. It was specifically stated in the recital of facts upon which the judgment was grounded that "It was further agreed by all of the said parties that the statute of limitation has not run against any or all of said claims." Public officials are trustees of all the people and have no power to waive the statutes of limitations. Even if the county board allow and pay an illegal claim, the county attorney is compelled by statute to recover the amount paid.

Section 4821, Revised Codes, provides: "If the board of county commissioners, without authority of law, order any money paid as a salary, fees, or for any other purposes, and

such money has been actually paid; or if any other county officer has drawn any warrant or warrants in his own favor, or in favor of any other person, without being authorized thereto by the board of county commissioners or by law, and the same has been paid, the county attorney is empowered, and it is his duty, to institute an action in the name of the county against such person or persons to recover the money so paid, and twenty-five per cent. damages for the use thereof; and no order of the board of county commissioners therefor is necessary to maintain such suit; but when the money has not been paid on such order or warrants, it is the duty of the county attorney, upon receiving notice thereof, to commence an action in the name of the county for restraining the payment of the same, and no order of the board of county commissioners is necessary to maintain such action."

It is absurd to assume that county officials may waive the statutes of limitation. The cases cited to support such contention are cases in which the litigants were private parties. Not one involved a case in which the state or one of its subdivisions was a party in interest. Statutes of this nature apply to litigation between private parties, and may be made to apply to the state and its subdivisions only when they expressly so provide. (*Board of County Com'rs* v. *Story,* 26 Mont. 517, 69 Pac. 56.) All persons when acting in their private capacity may waive any law intended solely for their benefit if no question of public policy be involved. (Sec. 8742, Rev. Codes; *Shea* v. *North-Butte Min. Co.,* 55 Mont. 522, 535, 179 Pac. 499.) Not even an attorney at law has the right to confess judgment for his client nor waive any material right unless expressly authorized thereto. (7 C. J. S., Attorney and Client, sec. 86, p. 907 et seq.)

County boards have no powers except those vested in them by statute. (*State ex rel. Lambert* v. *Coad,* 23 Mont. 131, 137, 57 Pac. 1092; *State ex rel. Gillett* v. *Cronin,* 41 Mont. 293, 109 Pac. 144; *Morse* v. *Granite County,* 44 Mont. 78, 89, 119 Pac. 286; *Hersey* v. *Neilson,* 47 Mont. 132, 145, 131 Pac. 30, Ann. Cas.

1914C, 963; *State ex rel School District* v. *McGraw,* 74 Mont. 152, 153, 240 Pac. 812; *Franzke* v. *Fergus County,* 76 Mont. 150, 245 Pac. 962; *Yellowstone Packing & P. Co.* v. *Hays,* 83 Mont. 1, 268 Pac. 555.) In *Hersey* v. *Neilson, supra,* referring to the powers vested in county boards, the court quoted with approval from *Morse* v. *Granite County, supra,* as follows: "Its board of commissioners—its executive body—is a body of limited powers, and must in every instance justify its action by reference to the provisions of law defining and limiting these powers."

"A state cannot be estopped by unauthorized acts or representations of its officers." (19 Am. Jur., sec. 166, Estoppel.) In section 167, just following the above, it is said: "If counties are regarded as agencies of the state and constituent parts of the state, they are subject to an estoppel only to the same limited extent as the state itself. * * * The issuance of a warrant does not estop a county from questioning the legality of a claim for which it was issued."

As to the right of appeal, such right is derived from the Constitution and cannot be taken away by legislative Act, and certainly not by a stipulation entered into by a county official. Chief Justice Brantly, speaking for the court in *Finlen* v. *Heinze,* 27 Mont. 107, 69 Pac. 829, 831, wherein the construction of sections 2 and 3 of Article VIII of our Constitution was involved, and likewise the construction of sections 1722 and 1723 of the Code of Civil Procedure of 1895, now sections 9030 and 9031 of the Revised Codes, all of which constitutional and statutory provisions are involved in the case at bar, in summing up and giving the import of able counsel for the defendant, after quoting section 3 of Article VIII of the Constitution, said: "It is manifest from the language of this instrument that it was the intention of its framers that the power of review granted should extend to all cases. The words 'the appellate jurisdiction of the supreme court extends to all cases at law and in equity' are of universal application, and must be construed to mean that the parties litigant have the right of appeal to this court for final review of the action of

the trial court, whatever it is, and that this court has the power to grant such relief as this review implies. It is a grant of power to this court, and at the same time a guaranty of a right to the individual citizen which is independent of legislative control, except in a qualified sense."

In construing the constitutional phrase "under such regulations and limitations as may be prescribed by law," the learned Chief Justice adopted the following language from the case of *State ex rel. Whiteside* v. *First Judicial District Court,* 24 Mont. 539, 63 Pac. 395:

" 'While the legislature cannot decrease the powers granted by the Constitution, this clause evidently intended that that body should provide the mode of procedure to be employed by which, and the limitations as to time within which, both these powers should be invoked. * * * It is in this sense that an appeal is the creature of the statute, and that the right to it does not exist unless it is provided for.' By this language we meant to intimate an opinion that the power to consider appeals to this court from final judgments in all cases is a constitutional power, and that, in the absence of suitable action by the legislature providing the necessary procedure, the power is not held in abeyance, but may nevertheless be exercised under suitable rules provided by this court.

"The clause, 'subject to such limitations and regulations as may be prescribed by law,' contained in section 3,—a substantial equivalent of the limitations clause in section 2,—must be read in connection with the preceding clause, which embodies the grant, and such import be given to it as will permit the court to retain the power vested in it, as a distinct department of the government, with its own peculiar and appropriate functions, and at the same time preserve the right guaranteed to the litigant. The word 'limitations,' in its ordinary legal and popular sense, refers to the time within which an action may be brought, or some act done, to preserve a right. In this sense it implies power in the legislature to enact reasonable provisions fixing a limit to the time within which an appeal from a final

judgment may be prosecuted. This the legislature has done in the enactment of section 1723, supra, after recognizing the right of appeal in subdivision 1 of section 1722. * * * These provisions, taken together, are limitations not only as to the time within which, after the making of the particular judgment or order, the appeal may be prosecuted, but also, in case of intermediate and interlocutory orders and decisions, as to the time in the course of the litigation at which the proceedings for review must be instituted. * * * But, though this is true, the power of limitation by the legislature applies primarily to the time within which the power of this court may be invoked by the litigant. *It is only in this sense that the legislature may impose limitations, and these limitations, whatever they may be, may not restrict the right of the litigant to have every order in the case affecting the merits reviewed* either upon appeal from the final judgment or during the progress of the case, and within a reasonable time after the particular order is made; nor may they restrict the power of the court to grant such review. So the word 'regulations' refers to the establishment of the procedure by means of which the power may be set in motion, and in obedience to which it may be exercised. *It is only in this qualified sense that an appeal from a final judgment is a creature of the statute.''*

The same eminent authority in speaking for the court in *Raymond* v. *Raymond,* 32 Mont. 170, 79 Pac. 1056, 1057, said: ''The right of appeal in all cases is guaranteed by the Constitution.''

The provisions of the statutes which the plaintiff relies upon to foreclose Silver Bow county from the right of appeal in the instant case apply to the time in which an appeal may be taken and the mode of procedure on appeal, and not to the right of appeal. The right is derived from the Constitution and may not be denied by statute. The right of appeal, however, is limited to a ''final judgment.'' Section 9313, Revised Codes, defines a ''final judgment'' as ''a judgment is the final determination of the rights of the parties in an action or proceeding.''

In *State ex rel. Meyer* v. *District Court*, 102 Mont. 222, 57 Pac. (2d) 778, 780, it was said: "A judgment is defined as a final determination of the rights of the parties. (Sec. 9313, Rev. Codes 1921; *State Bank of New Salem* v. *Schultze*, 63 Mont. 410, 209 Pac. 599.) If the 'order' has the effect of finally determining the rights of the parties, in other words, disposed of the case finally, it is a 'judgment,' the 'title to the instrument' being not conclusive; it is to be judged by its contents and substance. (*Swinehart* v. *Turner*, 36 Idaho 450, 211 Pac. 558; *Churchill* v. *Churchill*, 239 Mass. 443, 132 N. E. 185; *Chandler & Taylor Co.* v. *Southern Pac. Co.* 104 Ohio St. 188, 135 N. E. 620.) The cases holding that 'order' dismissing a case is a final judgment and therefore appealable are too numerous to mention; a few will suffice: *Avery* v. *Jayhawker Gasoline Co.*, 101 Okl. 286, 225 Pac. 544; *Marshall* v. *Enns*, 39 Idaho 744, 230 Pac. 46; *Paul* v. *Paul*, 28 Ariz. 598, 238 Pac. 399; *Indiana Travelers' Accident Ass'n* v. *Doherty*, 70 Ind. App. 214, 123 N. E. 242; *Cheney* v. *Boston & M. R. Co.*, 246 Mass. 502, 141 N. E. 502; *Clements* v. *Southern R. Co.*, 179 N. C. 225, 102 S. E. 399).

In *Paulich* v. *Republic Coal Co.*, 97 Mont. 224, 227, 33 Pac. (2d) 514, 515, this court said: "There can be no question but that the final determination of the rights of the parties by the district court was a judgment. (Secs. 9313 and 2962, Rev. Codes 1921; *State ex rel. Mulholland* v. *District Court*, 88 Mont. 400, 293 Pac. 291; *State ex rel. Roundup Coal Co.* v. *Industrial Accident Board*, 94 Mont. 386, 23 Pac. (2d) 253."

It was said in *Ringling* v. *Biering*, 83 Mont. 391, 395, 272 Pac. 688, 689: "The authorities seem to be in accord, that, for the purpose of an appeal, a judgment in an action will be considered as final only when it terminates the litigation between the parties, leaving nothing to be done other than its enforcement."

There was nothing left to do after the trial court made and entered the judgment in the case at bar except to enforce such judgment, and it was a final judgment.

The board of county commissioners, while exercising certain quasi judicial powers, is not a judicial body in the usual mean-

ing of that term. "Where judgment is exercised by an administrative board as an incident to a ministerial power, it is not an exercise of 'judicial power,' within the meaning of the Constitution." (23 Words & Phrases, Permanent Edition, p. 315; *Conover* v. *Gatton*, 251 Ill. 587, 96 N. E. 522). "The board is not a court." (*Albers* v. *Barnett*, 53 Mont. 71, 161 Pac. 521, 524; Article VIII, sec. 1, Montana Constitution.) The phrase "inferior courts," mentioned in subdivision 2 of section 9732, Revised Codes, no doubt has reference to the inferior courts which section 1, Article VIII of the Constitution authorizes the legislature to establish in incorporated cities and towns.

Taking up defendant's assignments of error, without giving particular consideration to each, it is my view that the defense of the county depends entirely upon the construction of the statute of limitations, section 4605, Revised Codes, which provides in part: "Every claim against the county must be presented within a year after the last item accrued." The first question that arises in considering this statutory provision is whether plaintiff's claims shall be determined to be a single claim in accordance with the contention of the plaintiff, or as a number of claims, as contended by the defendant. I think defendant's contention as to this question should prevail. During the time the plaintiff served as sheriff of Silver Bow county the elective term of that office was two years. Plaintiff was elected and served four separate terms. I think the time in which he must have filed his claims for mileage traveled during any particular term was one year from and after the date of the last item of his claim following the termination of that term. I can conceive of no sound reason why plaintiff should not be held to settle all his claims against the county arising during any one term within a year after termination thereof. The slate should be wiped clean after each term. Before entering upon his first term, and upon the commencement of each additional term, he was required to take and file an oath of office, and give bond for faithful performance of official duty. Each term carried its own exclusive rights and

obligations, and on the termination of any term it was the plaintiff's duty to settle all such matters as claims for mileage due, as fully as though he were being succeeded in the office by another. This is the most liberal construction of the statute that can be rightfully claimed in favor of the plaintiff.

I am fully aware of the fact that this court held in the case of *Hicks* v. *Stillwater County*, 84 Mont. 38, 274 Pac. 296, on facts very similar to those involved here, that a county surveyor could recover from the county for additional salary by reason of his erroneous belief that he was entitled to but $7 per day when the statute allowed $8; and he likewise was held to be entitled to recover for the use of his own surveyor's instruments in county work, the county not having furnished any such instruments; but it was expressly held in that case that the defense of the statute of limitations was not pleaded in the answer and for that reason the claim there involved was not barred. There is no sound reason why the statute should not be applied here. Such statutes as section 4605 are grounded on sound public policy enacted for the purpose of outlawing stale claims. Among those relating to public affairs, in addition to section 4605, is section 4613. That section commands the county board to examine the records annually and cancel all warrants unclaimed for one year or more. Thereafter whether the claimant would have any recourse or not, that statute does not provide. If plaintiff had made his claims for the additional mileage within time, and his claims had been approved, and he had then neglected to take his warrants therefor out of the clerk's office within one year, the board would have been obliged to cancel them.

Another statutory provision enacted in the interest of prompt presentation of claims against a county is section 4462, requiring the county board to meet on the first Monday of each month for the specific purpose of "allowing bills." Other business may be taken up at the monthly meetings, but allowing bills is the only special reason mentioned for such monthly meetings.

The judgment should be reversed and the cause remanded to

the district court with instructions to allow plaintiff's claim for mileage for his last two-year term in office, if the county auditor and the county board shall find that the last item on such claim is for services performed within one year as provided by section 4605, and to deny all the other claims.

## ON MOTION FOR REHEARING

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On defendant's motion for rehearing it is contended that in arriving at our conclusion in this case we considered matters not properly a part of the record. The agreed statement of facts recites: "That all of the items in said claims, and each of them, for mileage are proper and just charges against Silver Bow County, Montana, *if, under the laws of the State of Montana, the said Lawrence Weir is entitled to said additional mileage and the same is not outlawed* under the laws of Montana."

The record then contains an order signed by the judge reciting in substance that the cause came on for trial and pointing out who appeared as counsel, and then contains this recital: "Thereupon, by agreement of counsel for the respective parties it was agreed that all claims included in the within statement of facts were true and correct and properly itemized and verified, as required by the laws of the State of Montana; it was further agreed by all of the said parties that the Statute of Limitations has not run against any or all of said claims and that said claims, and each and all of them, were just and meritorious; that thereupon the court interrogated each of the members of the Board of County Commissioners of Silver Bow County, Montana, as to whether or not such commissioners had any statement to make or anything to add to the agreed statement of facts herein and as to whether or not the members of said board had any evidence to offer, whereupon each of said members replied in the negative, and it appearing to the court that all of the parties to the above-entitled action were in

252

agreement upon the facts and the law, thereupon, the said matter having been submitted to the court for decision and determination, the court orders judgment reversing and setting aside the action and order of the Board of County Commissioners of Silver Bow County, Montana, in refusing to allow, and in disallowing, said claims, and each of them, in favor of the appellant, above-named, and against the respondent, above-named, and hereby approves and allows said claims, and each of them, and hereby orders judgment approving and allowing said claims, and each of them, in the amount set forth in the agreed statement of facts herein.''

Defendant contends that this order was not properly a part of the judgment roll and that we should disregard it. The case of *Hauret* v. *Pedelaborde*, 77 Cal. App. 187, 246 Pac. 134, and others of like import are relied upon. Those cases dealt with minute entries of the clerk of the court. The order in question here in effect constitutes the judgment of the court. After the filing of the order there was left merely the ministerial duty of the clerk to enter formal judgment. (*State ex rel. Anderson* v. *District Court*, 56 Mont. 244, 184 Pac. 218; *Ross* v. *Greenwald*, 112 Mont. 324, 115 Pac. (2d) 290.) The order, constituting as it does the final judgment, is a part of the judgment roll, (sec. 9873, Rev. Codes), and the recitals in it are properly before us for consideration. The motion for rehearing is denied.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON and ANDERSON concur.

MR. JUSTICE MORRIS:

My dissent to the opinion as originally handed down goes as to this amendment.